# Richmond.

RICHMOND, FREDERICKSBURG & POTOMAC RAILROAD COMPANY
v. MARTIN'S ADMINISTRATOR.

DECEMBER 9, 1903.

Absent, Cardwell and Buchanan, JJ.

1. DEATH BY WRONGFUL ACT—*Object of Statute.*—The primary object
   of our statute allowing an action to recover damages for death
   by wrongful act of another was to compensate the family of the
   deceased and was not in the interest of his general estate.

2. DEATH BY WRONGFUL ACT—*Death of Infant—Action for Benefit of
   Father—Negligence of Father—Imputed Negligence.*—In an action
   for the benefit of a father to recover damages for the death of his
   infant child occasioned by the wrongful act of another there can
   be no recovery where it appears that the negligence of the father,
   or of the custodian of the infant to whom the father entrusted it,
   proximately contributed to the result. The doctrine of imputed
   negligence has no application to such a case.

Error to a judgment of the Circuit Court of Stafford county,
rendered in an action of trespass on the case, wherein the defend-
ant in error was the plaintiff, and the plaintiff in error was the
defendant.

                                                    *Reversed.*

The opinion states the case.

*St. George Fitzhugh* and *Leake & Carter,* for the plaintiff in
error.

*William D. Carter* and *Alvin T. Embrey,* for the defendant
in error.

---

*Judge Buchanan was detained at home by sickness.

WHITTLE, J., delivered the opinion of the court.

This action was brought by the defendant in error, Patrick Martin, administrator of Alice Martin, deceased, against the plaintiff in error, the Richmond, Fredericksburg & Potomac Railroad Company, to recover damages for the negligent killing of his intestate, a daughter seven years of age, by a passenger train of the defendant company at a public crossing. The mother of the child was killed in the same collision, and the action was instituted for the sole benefit of the father, who, under the statute, is entitled to the recovery. At the trial there was a verdict for the plaintiff, upon which the judgment under review was rendered.

The defendant adduced evidence tending to prove that Patrick Martin, Jr., a minor 11 years old, and a son of the plaintiff, was put in charge of a two-horse Dayton wagon, as driver by his father, in which his mother and two younger sisters and a negro boy were to be driven from their home in the country to the city of Fredericksburg; that Patrick Martin, Jr., negligently drove upon and attempted to cross the railway track at Falmouth crossing, in plain view of a rapidly approaching train; and that in the collision which followed his mother and two sisters, who occupied a rear seat in the vehicle, were instantly killed. Thereupon the defendant moved the court to instruct the jury that if they believed from the evidence that Patrick Martin, Jr., the son and servant of the plaintiff, attempted to cross the track under the circumstances detailed, his conduct constituted such contributory negligence as to bar a recovery. The court refused to give the instruction, which ruling presents for decision the sole question in the case, namely, whether a father, whose negligence has contributed to the death of his minor child, can, under the statute, in an action instituted by him as administrator, suing for his own benefit, recover damages for the death of the child. The statute requires such

actions to be brought by and in the name of the personal representative ,of .the deceased person, and empowers the jury to award such damages as to it may seem fair and just, not exceeding $10,000.

The primary object of the statute in allowing an action to recover damages for death by wrongful act of another, like its prototype, Lord Campbell's act, was to compensate the family of the deceased, and was not in the interest of the general estate, the provision being that: "The amount recovered in any such action shall, after the payment of costs and reasonable attorneys' fees, be paid to the wife, husband, parent, and child of the deceased, in such proportion as the jury may have directed, or, if they have not directed, according to the statute of distributions, and shall be free from all debts and liabilities of the deceased; but if there be no wife, husband, parent, or child, the amount so received shall be assets in the hands of the personal representative, to be disposed of according to law." Code 1887, secs. 2903, 2905.

It will be observed that by the express language of the statute the damages awarded cannot become assets in the hands of the administrator, to be disposed of according to law, if the decedent is survived by a wife, husband, parent, or child; and the recovery is also made free from all debts of the decedent, thus leaving no doubt of the legislative intent to treat the recovery as wholly independent of the decedent and his estate in the event of the survival of any one of the enumerated kin, and making it enure directly and personally to such next of kin by force of the statute, and not derivatively from the decedent, to whom it never belonged either in fact or in contemplation of law.

The authorities all agree that there can be no recovery where the action is brought in the name and for the benefit of one whose negligence has contributed to the accident. Thus, if the child in this instance had been injured, instead of killed, and the father had brought a common-law action to recover damages for

the injury, contributory negligence on his part, if established, would have constituted a bar to the action. But the contributory negligence of the father would interpose no defence to an action by the child for such injury. The rule is that the child's want of responsibility for negligence can no more be invoked to maintain the action of the negligent father than can the negligence of the latter be imputed to the child to defeat an action by him.

In this case both parties, at the time of the accident, were represented by agents—the defendant company by its employees, and the plaintiff, by his son, to whose care he had confided the custody of the younger sister—and both were responsible for the acts and omissions of their respective agents. *Glassey* v. *Ry. Co.,* 57 Pa. 172.

In *Bellefontaine Ry. Co.* v. *Snyder,* 24 Ohio St. 670, the court said: "Where an infant intrusted to the care and custody of another by the father, is injured through the negligence of a railroad company, the custodian of the child also being guilty of negligence which contributed to the result, although the infant may maintain an action for such injury, the father cannot; the negligence of his agent, the custodian of the child, being in law "the negligence of the father."

"When an action for negligent injury of an infant is brought by the parent, or for the parent's own benefit, it is very justly held that the contributory negligence of such parent may be shown in bar of the action, the negligence of his agent to whom he had intrusted the child having contributed to cause the injury; and such negligence, being, in contemplation of law, the parent's negligence, was held to bar the action." Beach on Con. Neg. sec. 131.

The doctrine of imputed negligence has no application to the case, but the rule that the negligent father cannot recover is founded upon the fundamental principle that no one can acquire a right of action by his own negligence. The principle involves

a maxim of the law as old as the common law itself. The differ-
ence between an action by the father for injuries to the child
where death does not ensue and an action by the father as ad-
ministrator of his dead child, brought under the statute for his
own benefit, is a difference in form merely, not in substance, and
on principle there can be no more reason for permitting a re-
covery in the latter case than in the former. In both the father
is the substantial plaintiff and the sole beneficiary. To allow a
recovery in either would be a violation of the policy of the law,
which forbids that one shall reap a benefit from his own miscon-
duct. Accordingly the authorities are practically unanimous
to the effect that the guiding principle in both classes of cases
is identical, and the contributory negligence of the beneficial
plaintiff will as effectually defeat a recovery in the one case as
in the other.

In Kinkead's Com. on Torts, sec. 474, the author says the
rule is well settled that the negligence of a parent of a minor is
a bar to an action by him to recover damages for an injury to
the minor, and adds: "It may, however, be contended with equal
force that the fact that a parent is a beneficiary in case of death,
that contributory negligence on his part should be a defence
to an action brought under the statutes now being considered,
as well as in an action in his own name for a personal injury.
The policy of the law is not to allow a recovery for the benefit
of a wrongdoer, and this should be applied as well to actions in
the name of another for the benefit of those who may have
contributed to the wrong. What shall constitute a defence to
this class of actions is not prescribed in these statutes, but is
governed by the same principles applicable to personal injuries.
It is considered by the majority of cases that the administrator
is only a trustee or a mere nominal party, and that the action
will be defeated by the contributory negligence of the beneficia-
ries"—citing Booth on Street Railways, sec. 391; *Strutzel* v.
*St. Paul City Ry.*, 47 Minn. 543, 50 N. W. 690; *McMahon* v.

*Mayor,* 33 N. Y. 642; *Schierhold* v. *North Beach, etc., R. R.,* 40 Cal. 447; *Chicago City Ry. Co.* v. *Robinson,* 127 Ill. 9, 18 N. E. 772, 4 L. R. A. 126, 11 Am. St. Rep. 87; *Dahl* v. *Milwaukee City Ry. Co.,* 62 Wis, 652, 22 N. W. 755; *Birkett* v. *Knickerbocker Ice Co.,* 110 N. Y. 504, 18 N. E. 108; *Baltimore, etc., Ry Co.* v. *State,* 24 Md. 84, 87 Am. Dec. 600.

See, to the same effect, *Baltimore, etc., Ry Co.* v. *State,* 24 Md. 84, 87 Am. Dec. 600; *A. & C. A. L. Ry. Co.* v. *Gravitt,* 93 Ga. 369, 20 S. E. 550, 26 L. R. A. 553, 44 Am. St. Rep. 145; *Chicago City Ry. Co.* v. *Wilcox,* 138 Ill. 370, 27 N. E. 899, 21 L. R. A. 76; *City of Pekin* v. *McMahon,* 154 Ill. 153, 39 N. E. 484, 27 L. R. A. 206, 45 Am. St. Rep. 114; *Bellefontaine Ry. Co.* v. *Snyder,* 24 Ohio St. 670; *Smith* v. *Ry. Co.,* 92 Pa. 450, 37 Am. Rep. 705; *Pratt Coal Co.* v. *Brawley,* 83 Ala. 371, 3 South. 555, 3 Am. St. Rep. 751; *Bamberger* v. *Citizens Street Ry. Co.,* 95 Tenn. 18, 31 S. W. 163, 28 L. R. A. 486, 49 Am. St. Rep. 909; *Ploof* v. *Burlington Traction Co.* (Vt.), 41 Atl. 1017, 43 L. R. A. 108; Tiffany on Death by Wrongful Act, sec. 69.

The same author, at sec. 475, says the doctrine last stated in the previous section is denied in Iowa and Virginia. After confessing his sympathy with the minority view, having been counsel on the losing side of the controversy in *Wolf* v. *Lake Erie Ry. Co.,* 55 Ohio St. 534, 45 N. E. 708, 36 L. R. A. 812, he attributes the minority decisions to a misapprehension of the applicability of the doctrine of imputed negligence to a case of this kind, and remarks: "The conclusion in these cases seems to have been reached mainly upon the rule that the negligence of the parent should not be imputed to the infant, and, following the test of the statute, if the deceased himself could, had he lived, have maintained the action, then his personal representative may, because the action is for the benefit of the estate. These decisions seem to be clearly wrong. In the first place, the doctrine of imputed negligence is not called in question here,

but rather another and wholly different fundamental principle, viz., that recovery will never be allowed in favor of a wrong-doer. Again, the contention that has been made for this view that recovery under the statutes of these States is for the benefit of the estate of the deceased, and therefore different from other States, does not seem well founded. An examination of the statutes will disclose that, while the recovery is for the benefit of the estate, the statutes further name the persons for whose benefit it is, and in one of the States (Virginia) the statute pro-vides that the amount recovered shall not go to the payment of debts due from the deceased. In this there seems to be no sub-stantial difference in effect from other statutes."

The cases to which the author has reference are *Wymore* v. *Mahaska County,* 78 Iowa, 396, 43 N. W. 264, 6 L. R. A. 545, 16 Am. St. Rep. 449, and *N. & W. Ry. Co.* v. *Groseclose's Adm'r,* 88 Va. 267, 13 S. E. 454, 29 Am. St. Rep. 718. These cases are mainly relied on to sustain the contention of the de-fendant in error. It appears that the Iowa statute gives a right of recovery to the estate of the minor intestate, and also one to the next of kin, and the action in *Wymore* v. *Mahaska County, supra,* was for the benefit of the estate. In that case the court held that the contributory negligence of the parent could not be im-puted to the minor child, so as to defeat a recovery for his estate. But the court also said that such negligence would prevent a recovery by the parents in their own right. So that in point of fact the decision is not out of line with the authorities cited. In the Virginia case, while the language of the opinion is broad enough to sustain the contention of the defendant in error, an examination of the case shows that, before entering upon a dis-cussion of the question here involved, the court had already ascertained as a matter of fact that the charge of contributory negligence against the parent was not sustained by the evidence. The judgment of the trial court had for that reason been affirmed. The case therefore did not call for an expression of

opinion upon the hypothetical case upon which it was based, and it is not to be regarded as binding authority in subsequent cases.   *Griffin* v. *Woolford,* 100 Va. 473, 41 S. E. 949.

*Lewin* v. *Lehigh Valley R. R. Co.,* 52 App. Div. 69, 65 N. Y. Supp. 49, much relied on in argument, was reviewed by the Court of Appeals of New York, which decided that in that case (as in the Virginia case) the jury were warranted upon the evidence in finding that the contributory negligence of the plaintiff was not established, and for that reason held that the effect of such negligence was not involved.

It is apparent, both from the authorities referred to and upon principle, that the trial court erred in refusing to give the instruction referred to, for which error the judgment must be reversed, and the case will be remanded for a new trial to be had therein not in conflict with the views expressed in this opinion.

*Reversed.*