# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## A. C. Stacy v. Thomas Mullins.

November 25, 1946.

Record No. 3125.

Present, Holt, C. J., and Hudgins, Gregory, Eggleston and Buchanan, JJ.

The opinion states the case.

*S. H. & Geo. C. Sutherland,* for the plaintiff in error.

*R. E. Williams,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This case presents the single question of whether on appeal of a civil action from the trial justice the plaintiff may in the circuit court, amend his complaint to claim an amount in excess of the jurisdiction of the trial justice.

The facts are simple. Thomas Mullins, herein called plaintiff, on July 25, 1944, caused a warrant in detinue to be issued by the trial justice and served on A. C. Stacy, herein called defendant, for a truck "of the value of $1,000." On the hearing the trial justice gave judgment to the plaintiff for the truck and the defendant appealed to the circuit court. Upon the calling of the case for trial at the April term, 1945, the plaintiff filed a claim for damages in the sum of $1,700 for the detention of the truck since the warrant was issued, the effect of which was to amend the warrant to claim the truck or its alternate value of $1,000, and the $1,700 dam-

ages for its detention. Thereupon, the defendant moved to dismiss the warrant because the amount exceeded the jurisdiction of the trial justice, and the court overruled that motion and the defendant excepted. The case proceeded to judgment for the plaintiff, to which the defendant obtained a writ of error to this court, and on confession of error for reasons with which we are not now concerned, the case was remanded to the circuit court for further proceedings. Thereafter it was tried before a jury and a verdict rendered in favor of the plaintiff for the truck of the value of $500, and $1,000 damages, upon which the trial court entered the judgment to which this writ of error was awarded.

The defendant assigns as error the action of the court in permitting the warrant to be amended to claim $1,700 damages and in entering judgment for the plaintiff for the $1,500, a sum greater than the jurisdiction of the trial justice.

Section 4987f1, par. (c), of the Code, provides that the trial justice shall have exclusive original jurisdiction of the claims therein described when the amount thereof does not exceed $200, and concurrent jurisdiction with the circuit or city court when the amount thereof exceeds $200 but does not exceed $1,000.

Section 4987f7 provides for appeals from the trial justice; generally that the laws governing appeals in civil cases from civil and police justices in cities shall apply to trial justices; and, specifically, that all appeals from the trial justice in civil cases shall be tried and judgment rendered thereon in accordance with the provisions of sec. 6038.

Section 3106 of the Code provides for appeals from civil and police justices (applying also to appeals from civil justices), and specifies that all such appeals shall be tried and judgment rendered as provided by section 6038.

Section 6038 provides, so far as we are concerned with its provisions in this case, as follows: "Every such appeal shall be tried by the court in a summary way, without pleadings in writing, or, if the amount in controversy exceed twenty dollars, by a jury, if either party requires it. All

legal evidence produced by either party shall be heard, whether the same was produced or not before the justice from whose decision the appeal is taken, and the case shall be determined according to the principles of law and equity. * * * "

▮ The plaintiff claims that section 6018 of the Code authorizes the amendment of the warrant. That section has not in terms been made to apply to appeals from the trial justice. If it were applicable here, it would not authorize the amendment that was made, for the reason that, as we shall see, the appeal from the trial justice is a continuation of the original case, and on the appeal the warrant cannot be amended to make a case of which the trial justice would not have had jurisdiction.

In *Copperthite Pie Corp.* v. *Whitehurst,* 157 Va. 480, 162 S. E. 189, the question was whether in a case appealed from a civil justice the defendant could file a plea of set-off in the circuit court, and the basis for decision on the point was whether the plea could have been filed in the court of the civil justice. It was determined that it could, and since that was so, it followed as a matter of course that it could be filed in the court to which the appeal was taken. If the conclusion had been reached that it could not have been filed before the trial justice the inference from the opinion is that it could not have been filed in the circuit court.

In *Addison* v. *Salyer, ante,* p. 644, 40 S. E. (2d) 260, we held that the trial justice did not have jurisdiction of the case appealed, and when that lack of jurisdiction appeared in the circuit court that court should have sustained the motion to dismiss.

▮ *Union Pac. Ry. Co.* v. *Ogilvy,* 18 Neb. 638, 26 N. W. 464, is a leading case on the subject and has been frequently cited. There the plaintiff sued to recover $990 damages in the county court, the jurisdiction of which was limited to $1,000. An appeal was taken to the district court where the plaintiff amended its pleading to claim $1,380, and recovered judgment for that amount. The court said:

" * * * The rule is well settled that, if the court in which the action is brought has no jurisdiction of the subject matter, the appellate court will acquire none by the appeal, (*Brondberg* v. *Babbott*, 14 Neb. 517, 16 N. W. 845; *Cooban* v. *Bryant*, 36 Wis. 605; *Stringham* v. *Board of Supervisors*, 24 Wis. 594; *Felt* v. *Felt*, 19 Wis. 193, 208; *Malone* v. *Clark*, 2 Hill (N. Y.) 657; *Stephens* v. *Boswell*, 2 J. J. Marsh. (Ky.) 29;) and this, too, even if the appellate court would have jurisdiction of the subject matter had the action been commenced there. The reason is, an appeal is a mere continuation of the original case,—a proceeding in the action. *Aulanier* v. *Governor*, 1 Tex. 653; *Hough* v. *Leonard*, 12 Ill. 456; *Hatch* v. *Allen*, 27 Me. 85. The want of jurisdiction of the subject matter in the court where the action was brought, continues in every court to which the action may be appealed, for the reason that it is the same action, and an appeal is authorized only where the court from which the appeal is taken, in case of the failure to appeal, would have had authority to enforce its judgment. * * * When appealed, therefore, it is the same case, and to be tried upon substantially the same issues, as in the county court. If this were not so, all actions might be brought in the county court or before a justice of the peace, and upon appeal to the district court the real cause be stated and tried. To call such a proceeding an 'appeal' is a prostitution of language, and the proceeding itself the abuse of a right. We hold, therefore, that the power of amendment of the appellate court is limited to the highest sum which the court from which the appeal was taken was authorized to render judgment, and accrued interest."

This holding was approved in the later case of *Wilson* v. *White*, 77 Neb. 351, 109 N. W. 367, 124 Am. St. Rep. 852.

In *Hall* v. *Hall*, 200 Mass. 194, 86 N. E. 363, an action was instituted in the district court, the jurisdiction of which was limited to $1,000. Plaintiff recovered judgment for $379.60 and the defendant appealed to the superior court. In the latter court the plaintiff was allowed to amend to increase the damages claimed to $2,000, and recovered a

judgment for $1,209.66. The Supreme Judicial Court of Massachusetts reversed, and said in part: "The jurisdiction of the superior court was wholly appellate and it could only render such judgment and try such issues as the court appealed from could have rendered and tried. * * * The case in the appellate court is a mere continuation of the original case and, though amendments may be allowed in the appellate court (citing the statute and a prior Mass. case), the amendments must be such, as far at least as they affect the question of jurisdiction, as could have been made in the court whose judgment is appealed from. (Citing *Union Pac. Ry. Co.* v. *Ogilvy, supra,* and *Bickett* v. *Garner,* 21 Ohio St. 659.)

"The plaintiff contends that the superior court had power to allow the amendment under Rev. Laws, c. 173, sec. 97, which provides, with certain exceptions, not now material that, after an appeal from 'the judgment of a police, district or municipal court or trial justice in a civil action' has been entered in the superior court, the case 'shall be there tried and determined as if it had been originally commenced there.' But the object of this provision is simply to enable parties to have their rights determined in the appellate court without regard to any judgment or determination that may have been rendered in the court below. * * * "

So in *Gemmell, Inc.* v. *Svea Fire, etc., Ins. Co.,* 166 Va. 95, 184 S. E. 457, it was held that after appeal a judgment of the justice of the peace appealed from is completely annulled and is not thereafter available for any purpose.

In *Becker Transp. Co.* v. *Department of Pub. Utilities,* 314 Mass. 522, 50 N. E. (2d) 817, the court said: "It is elementary that an appellate tribunal, in the absence of special statutory provision, has no power not possessed by the tribunal below." (Citing *Hall* v. *Hall, supra,* and other cases.)

In *Walker Ice Co.* v. *Blanchard,* 18 R. I. 243, 27 A. 330, this is stated in the *per curiam* opinion: "Here an appeal brings up the case to the appellate court, not simply to be revised, but to be tried *de novo,* in the same manner as

though there has been no previous trial in the lower court. Indeed, it often happens that there has been no previous trial in the lower court, one or the other of the parties having submitted to judgment for the purpose of removing the case for trial to the higher court. This being the effect of an appeal, we think that it is competent for the appellate court to permit amendments to be made as freely as though the action had been originally begun in that court, provided only that the amendments do not increase the amount claimed or to be recovered in the suit beyond the jurisdiction of the inferior court."

In *Estes v. Denver, etc., R. Co.,* 49 Colo. 378, 113 P. 1005, it appears that the statute of Colorado provided that appeals from the county court to the district court should be heard *de novo,* and that said appellate court should consider and pass upon all objections to the pleadings and proceedings in the county court, and make such orders and render such judgments or decrees as shall be proper, "in the same manner as though such cause had been originally begun in said district court." In approving the action of the district court in refusing to permit the plaintiff to amend to increase the damages claimed beyond the jurisdiction of the county court, the Supreme Court of Colorado said, in part: "In other words, the purpose of the statute was to lodge the case for trial anew in the district court, independent of any judgment of the county court. It is still, however, the same case; but it comes to the district court in a special manner, by which the jurisdiction of the district court is entirely derivative, and its authority to entertain it depends upon the jurisdiction of the county court. Hence it necessarily follows that on appeal the *ad damnum* cannot be increased beyond the jurisdiction of the court from which the appeal was taken, for the very obvious reason that a judgment in the case cannot be rendered by the district court that could not have been rendered by the county court." (Citing cases.)

The authorities are numerous and there appears no substantial dissent anywhere from the conclusions stated. See

14 Am. Jur., pp. 416, 417; 4 C. J., secs. 2655, 2656, p. 730; 5 C. J. S., sec. 1530 (b), pp. 259, 260; note 37 L. R. A. (N. S.) 606, 616; *Shaw* v. *Squires*, 153 Pa. St. 150, 26 A. 252; *Ballerino* v. *Bigelow*, 90 Cal. 500, 27 P. 372; *Van Dyke* v. *Rule*, 49 Ohio St. 530, 31 N. E. 882; *Bankers' Mortgage Co.* v. *Rogers* (Tex. Civ. App.), 61 S. W. (2d) 593; *Heath* v. *Robinson*, 75 Vt. 133, 53 A. 995.

■ Our conclusion is that the claim of the plaintiff could not be increased to exceed the amount of which the trial justice had jurisdiction. It was error for the trial court to permit it to be done, and the judgment complained of is reversed and the case dismissed, but without prejudice to the plaintiff to assert his claim properly.

*Reversed and dismissed.*