# Richmond

MINNIE E. HOFFMAN, ADMRX., ET AL. v. W. B. STUART, ET ALS.

January 10, 1949.

Record No. 3397.

Present, Gregory, Eggleston, Spratley, Buchanan, Staples and Miller, JJ.

*H. Thornton Davies*, for the plaintiffs in error.

*Flournoy L. Largent, Jr., J. Sloan Kuykendall* and *Dabney W. Watts*, for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

In the trial justice court of Prince William county, W. B. Stuart Company, herein called plaintiffs, filed a notice of motion for judgment against Charles Berry and the administratrix and administrator of the estate of Frank Lee Hoffman, deceased, claiming $619 as damages to plaintiffs' truck. The notice alleged that Hoffman was driving an automobile belonging to Berry, and at the intersection of Routes 234 and 621 negligently collided with the truck, owned by the plaintiffs and driven by Ball, causing the damage claimed. Hoffman was killed in the collision.

On motion of the defendants this action was removed to the circuit court, where Berry demurred to the notice and was dismissed as a defendant, which ruling is not here questioned.

On June 16, 1947, in the circuit court, Hoffman's administrators (as they will be herein called) filed their cross-claim in the plaintiffs' action, asking damages from the plaintiffs in the sum of $15,000 for the death of Hoffman, resulting from the collision, which they alleged was caused by the negligence of plaintiffs' agent, Ball. An order of June 16, filing the cross-claim, noted a plea of the general issue thereto by the plaintiffs and the case was continued.

Thereafter, on October 14, over objection of the administrators, an order was entered stating that the recital in the June 16 order that the plaintiffs filed a plea of the general issue to the cross-claim was incorrect; that such plea was not filed, but that counsel for plaintiffs had requested the continuance which was then granted.

On October 22, the day set for trial, plaintiffs moved to dismiss the cross-claim of the administrators on the grounds, (1) that no cross-claim could be filed for an amount exceeding the jurisdiction of the trial justice ($1,-000); and (2) section 6097a of the Code did not permit such a cross-claim to be filed by these administrators. The court sustained the motion on both grounds, dismissed the cross-claim and continued the plaintiffs' action. The error assigned is to the action of the court in dismissing the cross-claim. We will discuss the grounds for the motion in inverse order.

Section 6097a of the Code (Michie, 1942) (Acts 1926, ch. 331, p. 598; Acts 1928, ch. 249, p. 755; Acts 1932, ch. 29, p. 23) provides that "in any action at law or warrant for a small claim for a tort, a defendant may file in writing a cross-claim averring that the plaintiff is liable for a tort to the defendant for damages arising out of the same transaction. * * *"

It further provides that such cross-claim shall be tried at the same time and as a part of the original case, and the defendant allowed to recover damages against the plaintiff on such cross-claim where the law and the evidence make it proper; but that no such cross-claim shall be filed before a justice where the amount claimed exceeds the jurisdiction of the justice; and that the pleadings to the cross-claim shall be substantially as in cases brought by notice of motion. There are some other provisions not necessary to be noted.

The administrators contend that the plaintiffs' motion to dismiss the cross-claim came too late after the plaintiffs had made a general appearance thereto. In view of our conclusion on the merits of the motion it is unnecessary to discuss that point.

The plaintiffs argue that the administrators cannot maintain their cross-claim under section 6097a because they were sued by the plaintiffs as representatives of the estate of Hoffman, whereas in their cross-claim for the death of Hoffman they were acting in a different capacity as representatives of the beneficiaries named in the death by wrongful act statutes. (Code, Michie, 1942, secs. 5786-90).

These statutes provide, in substance, for a right of action for wrongful death; that it shall be brought by the personal representative of the deceased person; that the amount recovered shall be paid to certain relatives of the deceased, and shall be free of the debts of the decedent; but if there are no such relatives, then the recovery shall be assets in the hands of the personal representative to be disposed of according to law. (Plaintiffs' brief states that Hoffman was survived by a widow and children. The record does not show, but we will assume that to be the case.)

Plaintiffs assert that these statutes, under which the cross-claim is filed, create a new and distinct *cause* of action; that a recovery on the cross-claim would not become assets of decedent's estate, and that, therefore, the cross-claim to the plaintiffs' action is not asserted by the administrators in the same right in which they are sued. They rely on *Anderson* v. *Hygeia Hotel Co.*, 92 Va. 687, 24 S. E. 269; *Richmond, etc., R. Co.* v. *Martin*, 102 Va. 201, 45 S. E. 894 and *Virginia Iron, etc., Co.* v. *Odle*, 128 Va. 280, 309, 105 S. E. 107, as supporting their position.

The question in *Anderson* v. *Hygeia Hotel Co., supra,* was whether an action for personal injuries could be brought within five years, on the theory that the death by wrongful act statutes caused the right of action to survive. It was held that was a mistaken view; that the purpose of the statutes was to provide for the case of an injured person who had a good cause of action but died from the injuries before recovering damages; but that it was not intended to continue or cause to survive his *right* of action "but to substitute for it and confer upon his personal representative a new and original *right* of action." (Emphasis added). 92 Va. at p. 691, 24 S. E. at p. 271.

■ It is made plain in the later cases of *Brammer* v. *Norfolk, etc., R. Co.*, 107 Va. 206, 57 S. E. 593; *Virginia Elec., etc., Co.* v. *Decatur*, 173 Va. 153, 3 S. E. (2d) 172 (dissenting opinion 4 S. E. (2d) 294); and *Street* v. *Consumers Mining Corp.*, 185 Va. 561, 39 S. E. (2d) 271, 167 A. L. R. 886, that it is the *cause* of action of the injured person that the personal representative prosecutes.

"* * * The cause of action of the injured party, while alive, is the same cause of action that passes to the personal representative. It is thus seen that the right of the personal representative to recover for the death of his decedent stands upon no higher ground than that occupied by the injured party while living. * * *" *Virginia Elec., etc., Co.* v. *Decatur, supra*, 173 Va. 153, 159, 3 S. E. (2d) 172, 175.

And in *Street* v. *Consumers Mining Corp., supra*, it is said that we have definitely held in the *Brammer* and *Decatur Cases* "that our statutes create no new cause of action; but simply continue, transmit, or substitute the right to sue which the decedent had until his death, the effect of which is to permit the personal representative to pick up the abated right of the deceased and prosecute it for the benefit of decedent's beneficiary. * * *" 185 Va. at p. 570, 39 S. E. (2d) at p. 274.

In *Brammer* v. *Norfolk, etc., R. Co., supra*, in holding that where the injured person sued in his lifetime and after his death the action was revived in the name of his administrator, and final adjudication made thereon, the personal representative could not then maintain a separate action for the death, it is said:

"Where the action brought by the injured party in his lifetime is revived, in the name of his administrator, after his death, or the action is brought under the statute after his death, the issue in either case is the same, the right of recovery resting upon the same state of facts, namely, the injuries resulting in death being caused by the wrongful act, neglect or default of the defendant. * * *" 107 Va. at p. 210, 57 S. E. at p. 595.

Since the cause of action is the same, and the right of either

party to recover rests upon the same state of facts, no solid reason appears why the administrators should not be allowed to file the cross-claim and have the rights of the parties determined in the same suit.

It is true that if the administrators prevail, the recovery will not go to the estate of their decedent; but what difference will that make? If they were claiming damages for the automobile of their decedent, could it be doubted that they could file a cross-claim under section 6097a? The only difference in the situation would be that if they recover for the death of their intestate they would distribute the money as the court would direct under the wrongful death statutes, whereas, if they recovered for the automobile, the money would go as provided by the statutes of descents and distribution. In either case the administrators are not claiming in their own right. They are nominal parties in both cases, and trustees in both for the beneficiaries of the amounts recovered. The fact that a recovery on the cross-claim might be distributed differently from ordinary assets is not material. That does not affect the issue to be tried, which is, who was negligent? If the plaintiffs recover, they have their judgment to be collected in the regular way. If the defendants recover, the court follows the matter up and directs what they shall do with the money. The question of who will ultimately benefit should not affect the right to maintain the cross-claim, because it does not affect the issue to be decided.

The cross-claim provided for by section 6097a is not like a plea of setoff in a contract action. In the latter the demands of the parties must be in the same right. Burks Pl. & Pr., 3rd ed., sec. 224, p. 398. That is because the defendant's claim is used as a credit against the plaintiff's claim. Therefore, they must be of such nature that there can be an accounting and it can be ascertained who owes the more.

That is not the situation with respect to the cross-claim under section 6097a. That section provides that on a claim for damages for a tort, a defendant may assert that

the tort was committed against him, not by him, and that instead of the plaintiff being entitled to damage, he, the defendant, is the one who is entitled to damage. The issue is, therefore, who was negligent? If the trouble was caused solely by the negligence of the defendant, the plaintiff recovers. If it was caused solely by the negligence of the plaintiff, the defendant recovers. If both were at fault, neither recovers. There can be no balancing of fault, no offsetting of the damage done by one against the damage done by the other.

What the statute aims at is that it may be determined in any action for tort whose was the fault and the matter be ended in one trial. If there must be two trials instead of one, it may turn out that on the trial of the plaintiffs' claim it will be determined that the administrators' decedent was at fault and the plaintiffs allowed to recover, and on the trial of the administrators' claim it may be determined that the plaintiffs were at fault and the administrators allowed to recover,—a palpable miscarriage of justice.

██ Section 6097a provides that in *any* action at law for a tort a defendant may file a cross-claim against a plaintiff for damages arising out of the same transaction. These administrators are the defendants whom the plaintiffs sued. They are also the persons who are required to be plaintiffs in any action for the wrongful death of their decedent. In both cases they represent their decedent.

In *Richardson* v. *Shank*, 155 Va. 240, 245, 154 S. E. 542, 544, it was contended that because that case depended upon the death by wrongful act statute, the exception in section 6351 of the Code (Michie, 1942), relieving the estate of a decedent from giving an appeal bond, did not apply. The contention was rejected and it was said:

"The estate of a decedent to be protected, within the meaning of that statute (Code, section 6351), is any claim or right which a personal representative as such must protect or defend because this is his bounden duty and because he is appointed for that very purpose."

Section 5790 of the Code provides, *inter alia,* that where

an action is brought by the person injured for damage caused by the wrongful act of another, and the person injured dies pending the action, the action shall not abate but may be revived in the name of his personal representative. If the plaintiffs here had sued Hoffman while alive, certainly Hoffman could have filed a cross-claim under section 6097a. If he had done so and then died, by the terms of the statute his administrators could have prosecuted his cross-claim. If they could prosecute a revived cross-claim it is not apparent why they could not also prosecute an original cross-claim. *Brammer* v. *Norfolk, etc., R. Co., supra,* 107 Va. at pp. 210, 214.

The object of rules of pleading should be to bring the case down to the real issues and to have a decision of the dispute according to the right and justice of the matter, without circuitous approach and needless delay.

Section 6097a was designed to avoid multiplicity of suits and to enable parties to a tort action to settle in one proceeding their controversy growing out of the same transaction and determinable by the same evidence. We can see no good reason, either theoretical or practical, for reading into the statute an exception that will exclude these administrators and others similarly situated from its benefits.

We conclude, also, that the administrators are not precluded from filing their cross-claim because the $15,000 damages claimed in it exceeds the jurisdiction of the trial justice in whose court the plaintiffs' suit was brought.

In *Stacy* v. *Mullins,* 185 Va. 837, 40 S. E. (2d) 265, 168 A. L. R. 636, and *Addison* v. *Salyer,* 185 Va. 644, 40 S. E. (2d) 260, we held that the jurisdiction of the appellate court on appeal from the trial justice is derivative, and if the justice had no jurisdiction the appellate court acquires none on appeal; that an appeal from the trial justice is a continuation of the original case, and on appeal the warrant cannot be amended to make a case of which the trial justice would not have jurisdiction. If this were not so, many actions might be brought in the trial justice court framed

to give the appearance of jurisdiction, but relying on an appeal to permit the real cause to be stated and tried.

These considerations do not apply to a case removed from the trial justice court by the defendant. Section 4987f-1 of the Code (Michie, 1942) provides that upon removal of the case the proceeding in the circuit or city court shall conform to section 6046 of the Code. That is the notice of motion for judgment statute. Such notice of motion is an action at law referred to in section 6097a, *supra*. After removal the defendants may proceed as if plaintiffs had filed a notice of motion against them in the circuit court. The defendants have not chosen the trial justice as the tribunal in which to assert their claim, with the avowal implicit in that act that that court has jurisdiction of their claim. On the contrary, they have removed the case to the circuit court to assert there a cross-claim which section 6097a expressly prohibits them from asserting in the trial justice court. Not having invoked the jurisdiction of the trial justice court, their claim is not subject to the limitation on the jurisdiction of that court. There is no reason that we can think of why it should be.

It follows that the judgment of the trial court is reversed and the case remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*

GREGORY, J., dissenting.

I am unable to agree with the majority. The opinion applies what the majority think ought to be the law rather than what is the law. If we had in Virginia what is generally known as third party procedure such as is found in Federal rules of civil procedure the opinion would be correct, but until we adopt third party procedure I think it is error to permit those who are strangers to the original action to file cross-claims under section 6097a. I am informed that at the 1948 session of the General Assembly an effort was made to enact a statute authorizing third party practice but it failed.

The vital question is, can the statutory beneficiaries defined in Code, section 5788, through the personal representatives, file as a cross-claim to the action brought by the plaintiffs, a claim for the wrongful death of the decedent?

Code, section 6097a, provides, among other things, that "in any action at law or warrant for a small claim for a tort a defendant may file in writing a cross-claim averring that the plaintiff is liable for a tort to the defendant for damages arising out of the same transaction. * * *"

Code, section 5786, creates a right of action for the wrongful death of another, and section 5787 provides how and when the action may be brought and how the damages are awarded. Section 5788 designates the parties to whom the amount recovered shall be paid. The pertinent language of this section is as follows: "The verdict, if there be one, and the judgment of the court shall * * * specify the amount or the proportion to be received by each of the beneficiaries * * *. The amount recovered in any such action shall be paid to the personal representative * * * and shall be distributed by such personal representative to the surviving wife, husband, child, and grandchild of the decedent * * * and shall be free from all debts and liabilities of the deceased; but if there be no such wife, husband, child, * * * the amount so received shall be assets in the hands of the personal representative to be disposed of according to law * * *."

The statutory beneficiaries under section 5788 are the real parties in interest to the present cross-claim. In the brief they are designated to be the widow and children of the deceased. This is not denied. For the purpose of instituting an action for the wrongful death of the decedent under section 5788, the personal representatives are only nominal parties. Here they had no interest in the cross-claim other than as trustees to distribute to the beneficiaries any recovery which might have been had on the cross-claim. They acted not in their general capacity as personal representatives but in a special capacity.

A mere reading of the statutes commonly designated as

the "death by wrongful act" statutes (sections 5786 to 5790, inclusive), makes it plain that the General Assembly intended to create a new and distinct right of action for the benefit of those persons identified and named in section 5788, to compensate them for the loss sustained by them by reason of the death of their kinsman. The only service to be performed by the personal representative in such case is to bring the action in his name. He has no authority to administer any recovery which may be had and it does not become a part of the assets of the estate of the decedent as long as there are those whom the statute says are entitled to it.

In *Anderson* v. *Hygeia Hotel Co.*, 92 Va. 687, 24 S. E. 269, the court analyzed the statutes thus: "The Act requires the suit to be brought by and in the name of the personal representative, but he by no means sues in his general right of personal representative. He sues wholly by virtue of the statute and in respect of a different right. His suit proceeds on different principles. He sues not for the benefit of the estate, but primarily and substantially as trustee for certain particular kindred of the deceased who are designated in the statute."

In *Withrow* v. *Edwards*, 181 Va. 344, 25 S. E. (2d) 343, Mr. Justice Hudgins, now Mr. Chief Justice Hudgins, at page 354, said: "It (the statute) creates the right of action, limits the amount recoverable, and names the classes of beneficiaries who may be entitled to share in the amount recovered. * * * It is clear that the primary object of the statute * * * is to compensate the family of the deceased and not to benefit his creditors. (*Richmond, etc., R. Co.* v. *Martin*, 102 Va. 201, 45 S. E. 894.) * * * If the distributees named in the statute of descents and distribution are different from the persons entitled to the proceeds named in Code, sec. 5788, the provisions of the latter control." On the other hand, if the beneficiaries named in the statute are the same as those who take under the statute of descents and distribution, their claims under section 5788 are not to be mitigated by what they may inherit.

The wrongdoer is required to contribute only to those named in the statute. He is not required to contribute to the decedent's estate. *Porter* v. *Virginia Elec., etc., Co.,* 183 Va. 108, 31 S. E. (2d) 337.

See also, *Brammer* v. *Norfolk, etc., R. Co.,* 107 Va. 206, 57 S. E. 593, and *Virginia Iron, etc., Co.* v. *Odle,* 128 Va. 280, 105 S. E. 107.

I repeat that the real parties for whom the personal representatives act are those named in the statute and not those who are entitled to the estate. The statutory beneficiaries, not being parties defendant to the plaintiffs' action, have no right under Code, section 6097a, to file a cross-claim for damages for the wrongful death of the decedent. Our statute, section 6097a, does not contemplate a cross-claim for wrongful death in such case. It contemplates a cross-claim only by a defendant. The statutory beneficiaries are not and could not be defendants to the action of the plaintiffs with whom they have no connection and to whom they are not obligated.

If the situation were reversed and the personal representatives were bringing an action against a defendant for wrongful death, it is clear that such a defendant would have no right to file a cross-claim for property damage.

In 16 Am. Jur., Death, sec. 280, this rule is stated: "In an action to recover damages for a wrongful death caused by negligence, damages to property of the defendant alleged to have resulted from the negligence of the deceased may not be claimed as a set-off."

The original action brought by the plaintiffs against the personal representatives was against them in their general capacity as personal representatives of the estate. If the plaintiffs are successful, the damages they recover will be paid from the estate. The personal representatives, acting under the authority of sections 5786 to 5790, inclusive, are limited to bringing an action for the death of their decedent. If damages were recovered for the benefit of the widow and children on the cross-claim they "shall be free from all debts" of the decedent. (Code, sec. 5788.)

It is argued by the majority that if there should be two trials instead of one the plaintiff might recover in one while the defendants recover in the other—"a palpable miscarriage of justice". Like situations have arisen in Virginia. In the same accident where two are injured, one sometimes recovers while the other does not. See *Yorke v. Cottle*, 173 Va. 372, 4 S. E. (2d) 372, and *Yorke v. Maynard*, 173 Va. 183, 3 S. E. (2d) 366.

Such a result is evidence of just another weakness in the law or its administration which wise men in the past have been unable to correct.

I am not unmindful of the policy of the law, which is that the adjustment of a defendant's demand by cross-claim rather than by an independent suit is favored and encouraged as serving to avoid circuity of action, inconvenience, and the consumption of the time of the court. The tendency of the law is toward a liberal extension of the right to file cross-claims, but here our statute, section 6097a, grants no right to the widow and children of Hoffman to file a cross-claim against the plaintiffs.

There is no privity or community of interest between the plaintiff in the original action and the statutory beneficiaries. They are strangers. Their cross-claim is not germane to the claim of the plaintiffs nor is it founded upon or connected with the subject matter of the plaintiffs' claim. A decision on the issues to be raised on the cross-claim is not essential to a complete and full determination of the cause of action alleged by the plaintiffs. Certainly if the cross-claim had not been filed a decision of the plaintiffs' claim could not have been successfully urged as *res adjudicata* to a new and subsequent action brought for the statutory beneficiaries for the wrongful death. However, the effect of the holding of the majority is to the contrary. So now in all original actions of this nature, if there is an action for wrongful death, it must be asserted in a cross-claim or it might be barred by a plea of *res adjudicata*.

A cross-claim or counter-claim was not known to the common law. It is exclusively statutory. It must be be-

tween the same parties and between them in the same capacity. 47 Am. Jur., Set-Off and Counterclaim, sec. 48.

"Parties in interest and not mere nominal parties are usually regarded by the courts in determining the question as to mutuality of demands and in equity or at law, the nominal difference of parties plaintiff, where the litigation, in reality, is for the sole use and benefit of a party not named in the complaint, but whose title is shown to be absolute, is not a bar which prevents the other party from maintaining his claim in set-off against the real party, and it has been held that set-off can be made only against the real party in interest." 47 Am. Jur., Set-Off and Counterclaim, sec. 50.

The real parties in interest in the cross-claim filed in this case are the widow and children of the deceased, but they are not parties defendant to the action of the plaintiffs and therefore, under section 6097a, are not entitled to file a cross-claim in these proceedings. For this reason I think the trial court was correct in its ruling that the cross-claim be dismissed.

EGGLESTON, J., concurs in this dissent.