Froessel, J.
In this action a judgment was awarded plaintiff, after trial, for the wrongful death of her husband, who was killed in Virginia when the car he was driving collided with a tractor-trailer owned by defendants and operated by one of their employees. The Appellate Division reversed on the ground that a judgment in favor of defendants herein—as plaintiffs in a Virginia property damage action wherein this plaintiff was a party defendant in both her individual and representative capacities—was res judicata.
The decretal part of the letters of administration issued to plaintiff by the Surrogate’s Court of Bronx County expressly *47 authorized her ‘ to administer the estate of the deceased ’ ’, subject of course to its jurisdiction and supervision, and the only limitation upon her authority as administratrix was that she could not compromise the wrongful death action or enforce a judgment obtained therein until the further order of the court (see Surrogate's Ct. Act, § 122), Plaintiff did, in fact, appear, litigate and appeal to the court of last resort in Virginia in her capacity as “ administratrix ”, and, since decedent died intestate, she appeared for identically the same persons as administratrix of the estate as she did as statutory trustee (Decedent Estate Law, § 83, subd. 1; §§ 133, 134; 1950 Code of Virginia, VoL 2, § 8-636), namely, herself as widow and her three minor children.
Under Virginia law, which is controlling here (Baldwin v. Powell, 294 N. Y. 130, 132; Hinchey v. Sellers, 7 N Y 2d 287, 295-296), it was decedent whom she represented, whether acting as administratrix of the general estate or as statutory trustee (Hoffman v. Stuart, 188 Va. 785, 793), since the Virginia wrongful death statutes do not create a new and original cause of action—as does the New York .statute — “ but simply continue, transmit, or substitute the right to sue which the decedent had until his death ” (Street v. Consumers Min. Corp., 185 Va. 561, 570; see, also, Brammer v. Norfolk & Western Ry. Co., 107 Va. 206, 213-214). Plaintiff had every reason to appear in the Virginia action in her representative capacity, not only in an effort to safeguard the assets of the estate but also to preserve and protect her cause of action for wrongful death, which she was duly authorized .to commence and which she had in fact previously instituted in the State of New York (see Hoffman v. Stuart, supra, at pp. 792, 793, 799; see, also, Complete Auto Tr. v. Bass, 229 S. G. 607, 612). Since plaintiff had her full day in court in Virginia in her representative capacity, she was properly held barred from relitigating the same issues of negligence which were tried and decided adversely to her in the Virginia property damage action.
The judgment should be affirmed, without costs.
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke and Foster concur.
Judgment affirmed.