LAW AND EQUITY COURT OF THE CITY OF RICHMOND

John C. Uzzle

v.

Charles Garian

April 22, 1965

By JUDGE ALEX H. SANDS, JR.

This matter is before the Court upon the defendant's motion to vacate the judgment rendered upon the verdict, and upon plaintiff's motion to dismiss and demurrer to the amended counterclaim of the defendant which had been set for separate trial pursuant to Rule 3:8.

For reasons stated by the Court at the conclusion of argument of counsel defendant's motion to vacate the judgment upon the verdict is overruled.

The original counterclaim filed by defendant on August 11th asserted a claim in contract for unpaid legal fees earned by defendant in the sum of $2,000.00. The amended counterclaim filed April 1, 1965, to which the present motion to dismiss is directed combines a common law action of slander and a claim under the Virginia statute of insulting words and seeks compensatory and punitive damages totaling $30,000.00. Since defendant has properly set up the two remedies sought in separate counts, it would appear that he is entitled to rely upon both the common law and the statutory remedy. See Mosely v. Moss, 6 Gratt. (47 Va.) 534 (1850); Chaffin v. Lynch, 83 Va. 106 (1887).

It is further apparent, however, that this action having been instituted in and removed from the Civil Justice Court of the City of Richmond, the jurisdiction

limit applicable to the Civil Justice Court would control and the counterclaim could not, therefore, exceed $2,000.00. Stacy v. Mullins, 185 Va. 837 (1946).

This consideration, however, becomes of academic importance in view of the complete difference between the gravamen of the charge in the original and in the supplemental counterclaim. The original counterclaim sounds in contract and is for the recovery of compensation earned and not paid. The amended counterclaim, on the contrary, sounds in tort and combines a common law action of slander and one under the statute of insulting words. The causes of action asserted in the original and in the amended counterclaims being entirely different, the latter cannot stand. Federal Land Bank v. Birchfield, 173 Va. 200. Cf. Aron Co. v. C. & O. Ry., 153 Va. 691 (1930). Defendant relies upon Watson v. Brunner, 128 Va. 600. That case, while standing for the proposition that proper amendments should be freely allowed, states the same rule which later is reaffirmed in the above two cases, i.e., that a new cause of action cannot be made out by amendment.

Plaintiff's motion to dismiss the amended counterclaim will, for the above reasons, be sustained.