## CIRCUIT COURT OF HENRICO COUNTY

United Leasing

v.

Christopher Powell et al.

May 3, 1983

Case No. A-1560

By JUDGE E. BALLARD BAKER

This case began with a warrant in debt in the Henrico General District Court, asking judgment of $4,604.00, the warrant stating "Personal Guaranty Under Lease agreement for past due Payments". The defendants were named as Christopher Powell, Beatrice Powell, Matthew Garrett and Diane Garrett. The Powells are residents of Virginia Beach and were served there. The Garretts' address was shown as Garland, Texas, with service on each of them through the Secretary of the Commonwealth.

On application by Christopher Powell, the case was removed to the Circuit Court.

On January 27, 1983, Christopher Powell moved for a change of venue to the Circuit Court of Virginia Beach. On February 9, 1983, United Leasing moved to amend the claim to $32,811.04.

Subsequently, United Leasing filed a Bill of Particulars and Christopher Powell filed a brief in support of the removal motion, and Grounds of Defense without waiving the motion on venue.

Counsel were heard on April 22.

United Leasing's motion to increase the amount sought runs into Stacy v. Mullins, 185 Va. 837, where it was held in a case on appeal from a trial justice, that the Circuit Court had no jurisdiction to allow the plaintiff to amend to an amount in excess of the jurisdiction of the lower court. The Court pointed out that an appeal is a continuation of the original case and the warrant cannot be amended to make a case beyond the jurisdiction of the trial justice. (185 Va. at 840).

This case is a removal case. In Hoffman v. Stuart, 188 Va. 785, the Court said that those same considerations discussed in Stacy do not apply to a case removed by a defendant, and allowed a cross-claim by the defendant in excess of the lower court jurisdiction. However, the reasoning of the Court, expressed at 188 Va. 795, does not indicate that a plaintiff, after removal, may increase the claim. United Leasing, having invoked the jurisdiction of the general district court, cannot, under Hoffman and Stacy increase the amount sued for above the jurisdiction of the general district court.

Nothing in present Title 16 changes Hoffman and Stacy. V.C. Sections 16.1-92 and 16.1-114 relate to removals but there is nothing in them that appears to alter the rule of those cases. Nor do the Rules of Court provide any help to United Leasing.

The conclusion is that United Leasing cannot amend to increase the amount sued for as desired by the motion.

On the venue point, Powell says permissive venue does not lie in Henrico County. This suit is against the defendants on a guarantee they allegedly made to a lease. The guaranty, a copy of which has been filed,

states that it is a part of a lease. The copy of the lease filed with the papers is difficult to read, but United Leasing contends that ". . . the contracts . . ." were accepted by it in Henrico County, and that payments under the contracts are to be made in Henrico County. Powell does not deny that the lease has connections with Henrico, but asserts the guarantee has no connection. The guarantee relates to ". . . all obligations which Obligor (the lessee) presently or may hereafter have to you and payment when due of all sums. . . "

When payments under the lease are not made to United Leasing, then a cause of action arises against the lessee and the guarantors. And this cause of action arises in Henrico County. See, generally, Big Seam Coal v. Atlantic Coast Line, 196 Va. 590 at 593, 19 M.J. Venue, sect. 7. There is permissive venue, V.C. 8.01-262(4).

The motion to transfer venue to Virginia Beach is denied; the motion to amend the claim by increasing the amount sued for is likewise denied.