## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Willett

v.

McCullar

December 1, 1983

Case No. (Law) 8463

By JUDGE ALBERT H. GRENADIER

This matter comes before the Court on an appeal from the General District Court, which awarded the plaintiff a judgment in the sum of $2,968.00. On appeal the defendant for the first time asserts a counterclaim. Count I of the counterclaim alleges malpractice and seeks damages in the sum of $3,000.00; Count II asks for damages in the sum of $5,000.00 for intentional infliction of emotional distress; and Count III requests $10,000.00 in punitive damages.

The Court is not entirely satisfied that a party can for the first time assert a counterclaim in the Circuit Court upon an appeal from the General District Court. The authorities cited by the defendant in her memorandum are not clear and convincing on this point. Assuming that such right exists, however, the Court is of the opinion that the defendant's counterclaim is not permissible on this appeal.

Section 16.1-88.01 Virginia Code forbids counterclaims which exceed the jurisdiction of the General District Court. Section 16.1-77 Virginia Code limits the jurisdiction of the General District Court to claims for not more than $7,000.00. The total of the claims made by the defendant in her counterclaim total $18,000.00.

In *Hoffman* v. *Stuart*, 188 Va. 785 (1949), the Court, citing *Stacy* v. *Mullins*, 185 Va. 837, 841 (1946), and *Addison* v. *Salyer*, 185 Va. 664 (1946), held that the jurisdiction of the Circuit Court on appeal from the trial justice (now General District Court) is derivative, and if the trial justice had no jurisdiction the appellate court acquires none on appeal; that an appeal from the trial justice is a continuation of the original case, and on appeal the warrant cannot be amended to make a case of which the trial justice would not have jurisdiction.

The defendant cites the case of *Copperthite Pie Corp.* v. *Whitehurst*, 157 Va. 480 (1932), in support of her argument that a counterclaim for an amount in excess of the lower court's jurisdictional amount is permissible. Although *Copperthite* has never been expressly overruled, the Court does not believe that it is dispositive in this case. *Copperthite* was decided in 1932 and the three later cases cited above clearly hold that on an appeal the jurisdiction of the appellate court is limited by the jurisdiction of the lower court.

Accordingly, the Court will enter an order striking the defendant's counterclaims and dismissing them without prejudice.