## CIRCUIT COURT OF THE CITY OF RICHMOND

Larry E. Waller

v.

Melvin D. Anthony

May 24, 1989

Case No. LM1432-2

By JUDGE ROBERT L. HARRIS, SR.

The defendant has moved this court to reduce the plaintiff's claim for damages from $50,000.00 to $7,000.00, the amount claimed in General District Court, and also the maximum amount that can be claimed in General District Court.

This case was heard in General District Court. The defendant prevailed, and the plaintiff appealed to this court. The plaintiff took a nonsuit in February, 1988. In May, 1988, the plaintiff filed a Motion for Judgment in this court, claiming the increased damages. The defendant argues that because this action began in General District Court, the plaintiff's claim cannot exceed the jurisdictional limit of the lower court. The plaintiff argues that the nonsuit taken in this court permits a new action, subject to the jurisdictional requirements of this court. In brief, the plaintiff appears to adopt the following:

> Since the nonsuit ends the action that was begun in the district court, it can be argued that the refiled action, not being a confirmation of the district court action, is not limited by the statutory jurisdiction of the lower court.

Bryson, *Handbook of Virginia Civil Procedure* (2nd ed. 1989), 88-89.

An issue, as Professor Bryson points out, is why should the parties be limited to small claim procedures once they have moved to circuit court.

Another issue, however, is the jurisdiction of this court to hear a cause of action. Once the plaintiff chooses to file his case, and the defendant accepts the venue and jurisdiction of the court, both parties must conform to the statutory and judicial procedures attending those decisions. The plaintiff here chose to file in district court, and the defendant accepted that venue and jurisdiction. By statute, this court can hear an appeal by either party, and the trial in this court is *de novo* but is nonetheless an appeal. Va. Code § 16.1-106. The bond posted is set by the court below, and the liability of the parties is set by the jurisdictional limits of the District Court. Va. Code § 16.1-107.

The Supreme Court of Virginia has consistently held that this court has only derivative jurisdiction when hearing a case on appeal. *Hoffman v. Stuart*, 188 Va. 785, 794 (1949). Therefore, when the plaintiff took a nonsuit in this court, he was limited by statute to refiling his action in this court. Va. Code § 8.01-380. The jurisdiction that permitted plaintiff to file his cause of action originally is still in effect if he nonsuits and then refiles. This court, and none other, has jurisdiction by statute following the nonsuit. That jurisdiction is unchanged from the jurisdiction that permitted this court to hear the case on appeal from the district court. To amend his cause of action to the higher claim of damages is for the plaintiff to remove the statutory basis for this court's jurisdiction. *Hoffman.*

If the General Assembly agrees with Professor Bryson that there is a benefit to permitting this court to allow the higher claim, I am sure it will change the statute.

*Order*

On April 25, 1989, came the plaintiff and the defendant, by counsel, to be heard on defendant's Motion to Reduce *Ad Damnum*, and the same was argued by counsel. At

the conclusion thereof, the court took the motion under advisement.

The court now having further considered the motion filed by the defendant to reduce the *ad damnum* of the plaintiff, for reasons set forth in a letter opinion dated May 24, 1989, which is filed and made a part of the record, is of the opinion that the *ad damnum* should be reduced to $7,000.00.

Accordingly, the *ad damnum* is reduced to $7,000.00, and this case is continued on the docket of the court.