## CIRCUIT COURT OF FAIRFAX COUNTY

Jarvis

v.

Imperial
Construction Co., Inc.

October 3, 1991

Case No. (Law) 101786

By JUDGE ROSEMARIE ANNUNZIATA

This action is currently before the court on the plaintiff's Motion to Amend the *ad damnum* clause of his Motion for Judgment. The plaintiff in this case filed a Warrant in Debt in Arlington County General District Court which sought recovery of $2,500 from the defendant on the basis of a contract. The case was transferred to the Fairfax County General District Court where the matter was heard and judgment rendered for the plaintiff in the amount of $2,000 with interest at the rate of 8% *per annum*. The defendant then filed an appeal to this Court, and the plaintiff now seeks to amend the *ad damnum* clause to $3,400. Both parties filed motions which were heard in this court on September 6, 1991. For the reasons stated below, the plaintiff's motion is granted.

In actions appealed from the District Court, Section 16.1-114.1 of the Code of Virginia gives this Court the power "to direct all necessary amendments . . . to promote substantial justice to all parties, and to bring about a trial of the merits of the controversy." Va. Code Ann. Section 16.1-114.1 (1988 Repl. Vol.). The statute further provides that "[t]his section shall be liberally construed, to the end that justice is not delayed or denied by reason

of errors in the pleadings or in the form of the proceedings." *Id.*

This Court's power of amendment in such cases is restricted by the District Court's jurisdictional limitations. *Stacy v. Mullins*, 185 Va. 837 (1946); *Addison v. Salyer*, 185 Va. 644 (1946). Consequently, this Court cannot permit an amendment which increases the plaintiff's claim to an amount that exceeds the $7,000 jurisdictional limitation of the District Court. *Stacy v. Mullins*, 185 Va. at 844; Va. Code Ann. § 16.1-77 (1988 Repl. Vol.). However, it is clear that an amendment to the *ad damnum* clause may be permitted so long as the amendment does not seek to increase it to an amount beyond the $7,000 jurisdictional limit of the District Court. *Stacy v. Mullins*, 185 Va. at 844; *Serrell v. Locke*, 18 Va. Cir. 390 (1990).

Here, the plaintiff's Motion to Amend requests this Court to increase the *ad damnum* clause to $3,400, an amount within the District Court's jurisdiction. Construing Section 16.1-114.1 liberally to "promote substantial justice to all parties and to bring about a trial of the merits", the plaintiff's Motion to Amend the *ad damnum* clause to $3,400 is granted.