## Staunton

**Cherry Porter, etc. v. Virginia Electric and Power Co., et al.**

September 6, 1944.

Record No. 2822.

Present, Campbell, C. J., and Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Simeon M. Atkinson*, for the plaintiff in error.

*T. Justin Moore* and *Archibald G. Robertson*, for the defendants in error.

GREGORY, J., delivered the opinion of the court.

The plaintiff in error, Cherry Porter, the widowed mother of Elizabeth Porter Kee, seeks a reversal of a judgment awarding Ernest Kee, administrator of the estate of Elizabeth Porter Kee, $1,000, in an action instituted by the administrator against the Virginia Electric and Power Company on account of the wrongful death of Elizabeth Porter Kee, alleged to have been caused by the negligence of the Virginia Electric and Power Company.

The action was brought under Code, sections 5786 and 5787 (Michie), and the judgment was granted under Code, sec. 5788 (Michie).

The court decided that the damages awarded were for the personal use and benefit of Ernest Kee individually, he being the surviving husband of Elizabeth Porter Kee. There being no children or grandchildren of the decedent, he, as administrator, was directed to turn the sum over to himself in his personal capacity.

The appellant was not a party to the action in the court below. Neither of the parties who were parties in the court below is appealing.

The appellant contends that she being the widowed mother of the decedent, no compromise judgment could properly be entered without her consent. She also contends that the amount of damages awarded is inadequate.

She seeks a reversal of the judgment, asks that she be made a party, and that a trial *de novo* be had in which she be allowed to share in the amount of the recovery.

The appellee contends that Code, sections 5786, 5787, and 5788, exclude the appellant from any share in the amount that was recovered on account of the death of Elizabeth Porter Kee, and that the damages were not inadequate.

The evidence was not certified and is not before us. The facts must be obtained from the notice of motion for judgment and an affidavit filed on behalf of the appellant by consent of the parties, and mutually agreed to be considered upon this appeal.

The case was heard upon the evidence by the court without the intervention of a jury, a jury having been expressly waived by the parties.

The facts are these: Elizabeth Porter Kee was fatally injured on July 8, 1943, by being struck by a bus of the Virginia Electric and Power Company, as she was walking southwardly across Broad street at the west side of Hancock street in the city of Richmond. She was struck as the bus, which was proceeding southwardly along Hancock street, turned westwardly into Broad street. She died from her injuries, and her surviving husband, Ernest Kee, qualified as administrator of her estate. He instituted the present action for the recovery of $15,000 damages on account of the death of his decedent.

The notice of motion alleges that Elizabeth Porter Kee died on July 16, 1943; that she was married, and approximately thirty years of age at the time of her death; that she is survived by her husband, Ernest Kee; and that there are no children of the said Elizabeth Porter Kee. It is further alleged in the notice of motion that Ernest Kee is the only distributee of any and all sums of money which may be due by reason of the death of Elizabeth Porter Kee, caused by the wrongful act, neglect or default of another. The notice of motion further sets forth the qualification of Ernest Kee upon the estate of his deceased wife.

A judgment was duly entered in favor of Ernest Kee, administrator, &c., for $1,000 against the Virginia Electric and Power Company, on account of the death of the said Elizabeth Porter Kee, in full satisfaction for the same. On the same day the judgment was satisfied. Several days later the appellant moved the court to vacate and set aside the judgment, and filed her affidavit in support of her motion. After hearing argument on the motion, the court overruled it.

The affidavit which was filed in support of the motion set forth that the affiant (the appellant) was the widowed mother of Elizabeth Porter Kee; that she left no children or grandchildren surviving her; that Elizabeth Porter Kee and her husband, Ernest Kee, had not lived together as man and wife for about fifteen years prior to her death; that Ernest Kee qualified on her daughter's estate without the knowledge or consent of Cherry Porter; that she believed and was advised that she is entitled to receive a part of any money arising by way of damages for the wrongful death of her daughter; that a compromise settlement had been made without her knowledge by the Virginia Electric and Power Company, and approved by the Hustings Court of Richmond, Part II, in a friendly suit; that she did not consent to the compromise settlement, and has received no part of the consideration paid; that she has been informed that her daughter met her death by reason of the gross negligence of the Virginia Electric and Power Company and its agents.

It was stipulated that Elizabeth Porter Kee contributed about $10 per month towards the support of her mother, Cherry Porter, and that the affidavit be made a part of the record in the case.

The appellant points to certain alleged errors committed by the trial court, but the only point we need consider is whether or not she has any interest in this appeal.

Our statutes, Code, sections 5786 to 5789, inclusive, (Michie), referred to as "the death by wrongful act statutes" create the right of action for tortious death, limit the recovery, and name the classes of beneficiaries who may share

in the recovery. Such recovery can be distributed only in accordance with the express terms of the statute. When we measure what has been done in this case by the provisions of those sections, it is clearly obvious that every applicable provision has been complied with.

The appellant argues that inasmuch as section 5788 closes with this proviso: "Where the decedent has left a widowed mother and also a widow, but no child or grandchild, the amount recovered shall be divided between the mother and the widow, in such portions as the jury or court may direct", we are at liberty to construe that language so as to include a "widower".

We are not permitted to write into a plain statute new words. This court only interprets ambiguous statutes. Those here involved are so plain and free from doubt that rules of statutory construction are not applicable. The fact is that the conditions of the proviso of the statute, allowing the appellant to share in the proceeds, have not been met. The decedent did not leave "a widowed mother and also a widow". The decedent left a surviving husband and a widowed mother, but no children or grandchildren. In such case, under sections 5787 and 5788, the surviving husband is entitled to the entire sum recovered for the wrongful death of his wife, to the exclusion of the widowed mother. This is plainly demonstrated when we read the following portions of the statutes:

Section 5787, in part, provides: " * * * The jury, in any such action, may award such damages as to it may seem fair and just, not exceeding $15,000, and may direct in what proportion they shall be distributed to the surviving widow, or husband and children and grandchildren of the deceased, or if there be none such, then to the parents, brothers and sisters of the deceased. Nothing shall be apportioned to the deferred class until the preferred class has been exhausted, but between members of the same class, the jury shall have absolute discretion as to who shall receive the whole or any part of the recovery * * * ".

And section 5788 provides, in part: "The verdict, if there be one, and the judgment of the court, shall in all cases specify the amount or the proportion to be received by each of the beneficiaries, if any such there be. * * * The amount recovered in any such action shall be paid to the personal representative, and after the payment of costs and reasonable attorney's fees, shall be distributed by such personal representative to the surviving wife, husband, child and grandchild of the decedent; or if there be no such wife, husband, child or grandchild, then to the parents, brothers and sisters of the decedent in such proportions as has been ascertained by the judgment of the court, and shall be free from all debts and liabilities of the deceased; * * * ."

These statutes are clear and unambiguous. In this case there was no child or grandchild. There is a surviving husband. The marriage was in existence at the time of the death of the deceased. There had been no divorce dissolving the bonds of matrimony. Ernest Kee was the lawful husband of Elizabeth Porter Kee at her death, and, therefore, under the statute, entitled to the $1,000.

It is true the affidavit discloses that Ernest Kee and his wife had lived apart for about fifteen years prior to her death. However, it does not disclose that they had been divorced, or that either had voluntarily deserted the other, or that he had lived in adultery, or that he did not support his wife. It does not disclose the reason for their living apart, or that there was any ground for divorce.

Living apart, without more, does not destroy the right to bring the action which is created by the statute. 16 Am. Jur., Death, section 113; 18 A. L. R. 1410; 90 A. L. R. 921. Damages recovered are no part of the estate of the decedent in such actions. 16 Am. Jur., Death, sections 249 and 266; *Richmond, etc., R. Co.* v. *Martin*, 102 Va. 201, 45 S. E. 894; *Atlantic Greyhound Lines* v. *Keesee*, 111 F. (2d) 657, at page 660.

The wrongdoer is not required to contribute to others than those mentioned in the statute. He is not required to contribute to the *estate* of the deceased. The

classes of beneficiaries described in the statute are exclusive. Other classes or persons cannot be added by judicial construction.

Cases arising in other jurisdictions are of little assistance. There are now statutes creating a right of action for wrongful death in nearly all of the States. They embody substantially the provisions of Lord Campbell's Act in so far as the right to maintain the action for wrongful death is concerned. However, the provisions of the different statutes differ widely in respect to the persons entitled to maintain the action, the persons for whose benefit the action may be maintained, the time of bringing the action, the measure and elements of damages recoverable, and the distribution of the same. 16 Am. Jur., Death, section 49.

The case of *Mitchell* v. *Kennedy*, 166 Va. 346, 186 S. E. 40, is not in point. There the contest was between the mother of the decedent on the one hand, and his widow on the other. The mother contended that she should receive the recovery for the wrongful death of her son because the wife of the decedent had abandoned and deserted him before his death, and also that she had been guilty of adultery. The trial court, after hearing the evidence, resolved both of these charges against the mother on account of the insufficiency of the evidence to sustain them. The amount of the recovery was awarded to the surviving wife of the decedent. This court affirmed the judgment for the same reason.

It is contended in that case that Code, sections 5123 and 5277 applied. The former section provides: "If a wife wilfully deserts or abandons her husband, and such desertion or abandonment continues until his death, she shall be barred of all interest in his estate as tenant by dower, distributee, or otherwise."

The latter section provides: "The provisions of sections 5273 and 5276 are subject to the qualification that if either husband or wife leave the other and live in adultery, he or she shall have no part of the personal estate as to which the

other consort dies intestate, unless before such death they were reconciled and lived together."

This court held that inasmuch as the evidence failed to sustain either desertion or adultery, those sections were inapplicable. Section 5123 is found in chapter 206 of the Code, which chapter is entitled, "Dower and Jointure". The penalty for desertion is that the wife shall be barred of all interest in her husband's estate as tenant by dower, distributee, or otherwise. (There is a corresponding statute dealing in a similar manner with curtesy, see Code, sec. 5140.) As we have already indicated, the damages recovered in an action for wrongful death are no part of the estate of the decedent. They are not subject to the dower or curtesy of the surviving consort.

Section 5277 is found in chapter 213 of the Code, and this chapter is entitled, "Descents and Distributions". If one spouse leave the other and live in adultery, the penalty is that he or she shall have no part of the *personal estate* as to which the other consort dies *intestate*. The recovery involved in *Mitchell* v. *Kennedy*, *supra*, was not personal estate of the decedent. Likewise, the damages involved in the case at bar are not personal estate of the decedent. She did not die intestate as to them. The statutes of descents and distributions are not relevant. For these reasons sections 5123 and 5277 do not apply in the case at bar. The same reasons constitute additional grounds for the nonapplicability of those statutes (5123 and 5277), in the case of *Mitchell* v. *Kennedy*, *supra*.

If we accept as true all of the statements contained in the affidavit filed in this case, they fail to disclose that the appellant has any interest in the recovery here involved. The lower court was correct when it refused to disturb the judgment.

The judgment is affirmed.

*Affirmed.*