# Richmond

## Virginia Association of Insurance Agents, a Corporation v. Commonwealth of Virginia, at the Relation of Virginia Insurance Rating Bureau, et al.

April 26, 1948.

Record No. 3333.

Present, Hudgins, C. J., and Gregory, Eggleston, Spratley, Buchanan and Miller. JJ.

The opinion states the case.

*T. Nelson Parker*, for the appellant.

*Bowles, Anderson & Boyd, Roscoe R. Koch, Charles F. Littlepage* and *Robert B. Ely, III*, for the appellee.

EGGLESTON, J., delivered the opinion of the court.

This is an appeal from an order of the State Corporation Commission approving for use by the Insurance Company of North America, of Philadelphia, and certain allied companies engaged in the writing of fire insurance in Virginia, a proposed plan for the collection in installments of the premiums on fire insurance policies written by them in the State. The order appealed from permitted the applicant companies, and any other fire insurance companies which are members of the Virginia Insurance Rating Bureau, at their option, to use the plan in the collection of their premiums.

The appeal is prosecuted by the Virginia Association of Insurance Agents, a corporation, which intervened in the hearing before the Commission, and over whose objection and opposition the order was entered. The Virginia Insurance Rating Bureau neither approved nor opposed the plan and the real interested appellees are the Insurance Company of North America and its associates which sought its approval.

Under the plan approved one who desires to procure fire insurance protection for a term of more than one year, instead of paying the full premium within a short time after the issuance of the policy, may, at his election, pay the premium in annual installments. The policy is written at the reduced premium applicable to a contract for a term of years, and in addition thereto the policyholder is required to pay a further small premium or carrying charge for the privilege of paying the main premium in installments.

The operation of the proposed plan and the resulting saving to the policyholder were thus illustrated at the hearing:

A $25,000 policy written at the rate of 40¢ per $100, if renewed annually, would require a recurring premium of $100, or a total of $500 for five years. Under the regula-

tions of the Commission and the Department of Insurance each of these premiums must be paid within forty-five days of the date of the issuance of the policy. If written for a term of five years the required premium would be $400, the full amount of which would have to be paid within forty-five days of the date of the issuance of the policy.

Under the proposed installment premium plan such a policy written for the term of five years would require a total of $420, payable as follows: $100 within forty-five days of the date of the issuance of the policy, and four annual installments of $80 each, payable one, two, three and four years, respectively, after the date of the issuance of the policy, with a similar forty-five days' period of grace for each installment. In other words, under the latter plan, while the policyholder is given the benefit of the reduced rate of $400 for the long-term policy, he is required to pay, in addition thereto, an added carrying charge or premium amounting to $20 for the privilege of paying the main premium in installments.

The Virginia Association of Insurance Agents, and others, objected to the approval of the plan, on the grounds that (1) it violates the mandatory provisions of Code, section 4226a; (2) there is no need or demand for it in this State; (3) it discriminates unfairly against the purchaser of insurance on an annual basis; and (4) it is essentially the same plan which the Corporation Commission had previously disapproved.

In a written opinion the majority of the Commission, with Hooker, Chairman, dissenting,[1] found against each of these contentions and approved the plan. Hence this appeal.

It is unnecessary that we review the reasoning of the Commission, as embodied in its opinion, with respect to the several contentions of the appellant. We may assume, without deciding, that the evidence adduced before the Commission shows that the proposed plan would serve a useful

---

[1] The single reason given for the dissent was that the evidence adduced before the Commission did not "show any public demand for the 'Installment Premium Plan.'"

purpose, that it would be to the public interest, and that, therefore, there is a need for it in this State. The record shows that at the time of the hearing the plan had been approved by thirty-six States, in a number of which it is being freely used.

But however desirable the plan may seem, it of course cannot be put into operation if it runs counter to the plain terms of the statute (Code, section 4226a), as the appellant claims it does.

Code, section 4222, as amended,[2] provides: "Insurance companies, legally authorized to do business in this State, except life, title and ocean marine insurance companies, and except any mutual fire insurance company conducting business exclusively in this State * * * , shall not make contracts of insurance or surety on persons or property herein, except through regularly constituted and registered resident agents or agencies of such companies; no contract of insurance or surety covering persons or property in this State, except contracts of life, title and ocean marine insurance and except temporary binders covering other forms of insurance, shall be written, issued or delivered by any such authorized insurance company, or any of its representatives, unless such contract is duly countersigned in writing by a resident agent or agency of such company; * * * ."

The purpose of this statute is to require that all such policies be placed by resident agents. *Osborne* v. *Ozlin* (D. C. Va.), 29 F. Supp. 71, 82 (affirmed 310 U. S. 53, 60 S. Ct. 758, 84 L. Ed. 1074).

To further effectuate this purpose, Code, section 4226a, as amended,[3] provides:

"No resident agent or agency may write, countersign, issue or deliver any contract of insurance or surety upon persons or property in this State unless *there shall be collected at the time the contract is written, issued or delivered,*

[2] Acts 1936, ch. 104, p. 169; Acts 1936-7, Ex. Sess., ch. 29, p. 70; Acts 1938, ch. 218, p. 343; Acts 1944, ch. 43, p. 42, ch. 112, p. 137.

[3] This section was first added to the Code by Acts 1936, ch. 153, p. 270. It was amended by Acts 1938, ch. 218, p. 345, Acts 1940, ch. 298, p. 468.

*or within a reasonable time thereafter, the full premium on such contract,* and the resident agent or agency shall be entitled to and shall receive the usual and customary commissions allowed on such contracts, * * * .

&ast; &ast; &ast; &ast; &ast; &ast;

"*This section shall not apply* to title insurance companies nor to life insurance companies (except the casualty branches of such companies), nor to mutual insurance companies, nor *to contracts of ocean marine insurance,* nor to railroad companies and other common carriers engaged in interstate commerce." (Italics supplied.)

The question presented is whether the proposed installment premium collection plan violates the plain terms of this latter statute. It is conceded that none of the other several States in which the plan is in successful operation has a statute of the same or similar import.

The majority opinion of the Commission reasons that Code, section 4226a, as amended, was not intended to apply to the payment of a premium in installments, but that even if it were, the plan meets the terms of the statute and requires payment "within a reasonable time" after the writing, issuance or delivery of the policy.

It is argued that the primary purpose of the two statutes (Code, sections 4222 and 4226a)—to require that all policies be placed through resident agents—is accomplished by requiring the resident agent to collect the several installments of the premium, as and when due. Perhaps that is true, but the statutes do not so provide. Our function is to interpret and not to rewrite the acts.

It will be observed that section 4226a, as amended, in plain terms requires that "there shall be collected at the time the contract is written, issued or delivered, or within a reasonable time thereafter, the full premium on such contract." There is no exception in favor of premiums payable in installments. On the contrary, the language is all-inclusive and denotes that there shall be a single collection of the "full premium" at the specified time, and not multiple collections extending over a term of years.

Admittedly, under the installment premium payment plan the "full premium" is not collected until the last annual installment becomes due, which may be two or four years, or even longer, after the contract has been "written, issued or delivered." In our opinion this does not meet the statutory requirement of the full collection "within a reasonable time" after the writing, issuance or delivery of the policy.

It is true that the term "reasonable time" is flexible and may vary with the circumstances of the particular case or with the context in which it is found. As is said in 52 C. J., pp. 1182-3, "Reasonable Time" is "A relative and flexible term, which cannot be defined by any prescribed rule and the meaning of which in a particular case depends on the context and attendant circumstances, and not upon mere opinion or expectation; * * * ."

In the statute before us the context denotes that the collection is to be made promptly. It requires the collection of the "full premium." Again, the time of the collection is fixed not at the maturity of the premium, or any installment thereof, but "at the time the contract is written, issued or delivered, or within a reasonable time thereafter." All of this denotes, we think, that the full amount must be collected shortly after the inception of the risk, and not over a period of years.

Moreover, as the record discloses, the Commission has heretofore required the collection in full of fire insurance premiums within forty-five days of the date of the issuance of the policy, thereby fixing that as the "reasonable time" within which the "full premium" must be paid under this section. The proposed plan, of course, does not conform to this settled and established interpretation.

The opinion of the Commission states that it has construed the language under consideration as permitting the installment payment of premiums on "certain classes of casualty insurance and marine insurance," but the record does not indicate for what length of time such interpretation has been in effect or the extent thereof. In this connection

it may be observed that "contracts of ocean marine insurance" are specifically exempted from the operation of both sections 4222 and 4226a.

We are of opinion that the proposed installment premium collection plan violates the plain provisions of Code, section 4226a, as amended, and should not have been approved. For this reason the order appealed from is reversed and a final order will be here entered disapproving the proposed plan. We express no opinion on the other matters discussed in the briefs.

*Reversed and final order.*