# CITY OF MARTINSVILLE

## V.

# TULTEX CORPORATION, ET AL.

Record No. 870673

June 9, 1989

Present: All the Justices

*Jack F. Hankins (Broaddus, Epperly & Hankins*, on briefs), for appellant.
*William L. S. Rowe (Joseph C. Kearfoot; Thomas McN. Millhiser; Hunton & Williams*, on brief), for appellees.

Justice Stephenson delivered the opinion of the Court.

The sole issue in this appeal is whether, for tax purposes, certain equipment should be classified as capital or tangible personal property.

Tultex Corporation (Tultex) and BameriLease, Inc. (BameriLease) filed an application for correction of alleged erroneous assessment of tangible personal property taxes against the City of Martinsville for the tax years 1982, 1983, and 1984. The property assessed was certain computer and computer-related equipment (Computer Equipment) that BameriLease had leased to Tultex during the three-year period. Tultex and BameriLease contended at trial, as they do on appeal, that the Computer Equipment should be classified as capital, taxable only by the Commonwealth. Martinsville contends that it can tax the equipment as tangible personal property. The trial court ruled that the Computer Equipment should have been classified as capital, and, therefore, that Martinsville's assessments were erroneous. Martinsville appeals.

The parties have stipulated the facts. Tultex, a Virginia corporation whose principal place of business is in the City of Martinsville, is in the business of manufacturing sportswear at its factories in various locations in Virginia and elsewhere. BameriLease, a California corporation whose principal place of business is in San Francisco, is authorized to do business in Virginia and was so authorized at all times during 1981 through 1984. BameriLease is in the business of leasing computers and other equipment.

During 1982, 1983, and 1984, BameriLease leased the Computer Equipment to Tultex. The equipment was installed in Tultex's offices in Martinsville. Tultex used and employed the

Computer Equipment in its manufacturing business exclusively for administrative, accounting, and information accumulation and retrieval purposes. The Computer Equipment was personal property, tangible in fact, used or employed in a manufacturing business.

The lease provided that Tultex (1) had the exclusive right to possess the Computer Equipment, (2) assumed and bore the entire risk of loss and damage to the equipment, (3) was required to insure the equipment against all risks, and (4) had the duty to pay and indemnify BameriLease from all fees, assessments, charges, and taxes imposed upon the Computer Equipment.

For the tax years 1982, 1983, and 1984, Martinsville assessed tangible personal property taxes against BameriLease on account of the Computer Equipment as follows:

| Tax Year | Assessed Value | Tax Rate Per $100 | Principal Amount of Tax |
|----------|----------------|-------------------|-------------------------|
| 1982 | $410,070.00 | $2.25 | $9,226.58 |
| 1983 | 351,489.00 | 2.25 | 7,908.50 |
| 1984 | 292,907.00 | 2.25 | 6,590.41 |

BameriLease timely paid the 1982 and 1983 tangible personal property tax assessments.

Even though BameriLease had paid the personal property tax on the Computer Equipment to Martinsville, Tultex also paid capital taxes on the same property to the Commonwealth in 1982. Consequently, Tultex had to bear the cost of this double tax mistake. Tultex paid no 1983 and 1984 capital taxes on the Computer Equipment because the General Assembly amended the governing statutes to exclude capital, except inventory, from the state's capital tax. That legislation, however, continued to define capital as before. Thus, the effect of the legislation was to exclude capital, except inventory, from both state and local property taxation.

After filing their 1982 and 1983 personal property tax returns with Martinsville, Tultex and BameriLease realized that they erroneously had paid a double property tax in 1982 on the Computer Equipment, one to the Commonwealth as capital and one to Martinsville as tangible personal property. The Computer Equipment, however, was subject to only one of those taxes, not both.

BameriLease and Tultex believed that BameriLease had erroneously paid the 1982 and 1983 tangible personal property taxes as-

sessed against it by Martinsville on account of the Computer Equipment. Consequently, neither Tultex nor BameriLease filed a 1984 tangible personal property tax return with Martinsville that included the Computer Equipment.

In December 1984, Martinsville assessed 1984 tangible personal property tax against BameriLease on account of the Computer Equipment. To avoid additional interest and penalties being assessed against it, on July 30, 1985, BameriLease paid under protest the 1984 assessment in the following amounts:

| | |
|---|---:|
| Principal amount of tax | $6,590.41 |
| Interest | 67.73 |
| Late filing penalty | 659.04 |
| Late payment penalty | 724.95 |
| | $8,042.13 |

Pursuant to the terms of the lease, Tultex reimbursed BameriLease for that amount. Tultex also had reimbursed BameriLease for the 1982 and 1983 tangible personal property taxes assessed on account of the Computer Equipment.

The parties agree that the sole issue in the case is one of classification. Martinsville contends that the Computer Equipment is tangible personal property, and thus, subject only to taxation by Martinsville. Tultex and BameriLease contend that the property is capital, taxable only by the Commonwealth.

■ "The General Assembly may define and classify taxable subjects." Va. Const. art. X, § 1. As the parties correctly stipulated, the only types of property local governments are empowered to tax are real estate, tangible personal property, machinery and tools, and merchants' capital. Va. Const. art. X, § 4; former Code §§ 58-9, 58-412.* *See generally Roanoke* v. *Michael's Bakery Corp.*, 180 Va. 132, 143-54, 21 S.E.2d 788, 793-98 (1942) (comprehensively discussing history of segregation and classification of personal property for taxation).

■ Intangible personal property, on the other hand, has been "segregated for State taxation only," Code § 58-405, and "the subjects of taxation classified by [Chapter 8 of Title 58] are . . . defined as intangible personal property," *id.* Among the subjects

---

* Because only tax years occurring before 1985 are involved, Title 58 as it existed during 1982, 1983, and 1984, and not recodified Title 58.1, governs the substantive issues in this case.

so classified and defined in Chapter 8 is "[p]ersonal property, *tangible in fact, used or employed in a manufacturing* . . . business . . . [which] shall be included in capital." Code § 58-412 (1974 Repl. Vol.) (emphasis added).

Martinsville contends that we should construe Code § 58-412 to mean property used or employed *by its owner* in a manufacturing business. To support its contention, Martinsville argues that because personal property taxes are assessed against the owner, Code § 58-20, and the owner, BameriLease, is in the leasing business and not the manufacturing business, the Computer Equipment is taxable as tangible personal property to the owner.

■ We do not agree. We conclude that the test set forth in Code § 58-412 is whether the property is in fact "used or employed in a manufacturing . . . business," not necessarily how the *owner* uses the property.

■ When the General Assembly " 'has spoken plainly' " on a subject, we must not " 'change or amend its enactments under the guise of construing them.' " *Carter, Adm'r* v. *Nelms*, 204 Va. 338, 346, 131 S.E.2d 401, 406 (1963) (quoting *Winston* v. *City of Richmond*, 196 Va. 403, 407-08, 83 S.E.2d 728, 731 (1954)); *accord Portsmouth* v. *Chesapeake*, 205 Va. 259, 269, 136 S.E.2d 817, 825 (1964) (a statute's "plain meaning is to be accepted without resort to rules of interpretation"). As stated previously, the parties stipulated that "[t]he Computer Equipment was personal property, tangible in fact, used or employed in a manufacturing business." This stipulation tracks the exact language of Code § 58-412. Thus, when Code §§ 58-405, -411, and -412 are read together, their plain language states that the Computer Equipment "shall be included in capital" and is deemed to be intangible personal property "segregated for State taxation only."

Accordingly, the judgment of the trial court will be

*Affirmed.*