**In re Gentry Lee BLACKWELL, Debtor.**

**Gentry Lee BLACKWELL, Plaintiff,**

v.

**COMMONWEALTH OF VIRGINIA DE-PARTMENT OF TAXATION, Defendant.**

Bankruptcy No. 7–87–00316–BKC–HPA.
Adv. No. 7–89–0093.

United States Bankruptcy Court,
W.D. Virginia,
Abingdon Division.

May 24, 1990.

Robert T. Copeland, Copeland, Molinary & Bieger, Abingdon, Va., for debtor/plaintiff.

Ellen Marie Dowling, Commonwealth of Virginia, Richmond, Va., for defendant.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Chief Judge.

On April 29, 1989, Gentry Lee Blackwell ("plaintiff"), by counsel, filed this complaint to determine the dischargeability of his tax liability owed to the Commonwealth of Virginia ("State") for the years 1979 and 1980.

The issue before the court is whether or not the debt owed by the plaintiff to the State is dischargeable under 11 U.S.C. § 523(a)(1)(B)(i). The defendant's sole grounds for denial of dischargeability is the plaintiff's non-compliance with Virginia Code Section 58.1–311 which requires that the "taxpayer shall report" IRS changes to the State Tax Department and, here, there was non-compliance.

The essential facts, which are not disputed, are as follows: Plaintiff was a resident of Virginia during the tax years of 1979 and 1980, and, as such, was required to comply with the income tax provisions of the Code of Virginia section 58.1–300 *et seq.* The plaintiff and his wife timely filed their Virginia and their 1040 United States income tax returns for 1979 and 1980.

By letter dated August 23, 1984, the Virginia Department of Taxation ("Tax Department") informed the plaintiff that it had received information from the I.R.S. that as a result of its audit examination certain adjustments were made on his Federal income tax returns for 1979 and 1980. The letter further indicated that a review of the Virginia State income tax returns in conjunction with adjustments made on the Federal returns resulted in a total of $25,-005.58 additional taxes due and owing to the State of Virginia.[1]

By letter dated February 8, 1985, the Tax Department instructed the plaintiff to either respond to the letter or pay in full the amount due within 5 days or the Tax Department would take steps to collect the amount due. Plaintiff testified that he later received notification that a tax lien had been filed against him, even though it had possibly been filed in the wrong county. The tax lien (Plaintiff's Exhibit 3) indicates that the date of assessment for the additional taxes for tax period 1979 and 1980 was November 9, 1984.

The plaintiff filed his Chapter 7 petition in this court on February 26, 1987, and was closed and reopened on April 28, 1989, for the purpose of filing this complaint challenging the dischargeability of this tax liability.

The plaintiff contends that the debt is dischargeable under his Chapter 7 case, because the debt is for income taxes more than three years old. *See* 11 U.S.C. § 507(a)(7) and 11 U.S.C. § 523(a)(1). The Tax Department contends that the taxes are not dischargeable under 11 U.S.C. § 523(a)(1)(B)(i) because the plaintiff was required to file an amended return with the State but did not.

11 U.S.C. § 523(a)(1)(B)(i) provides that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which *a return,* if required—

(i) was not filed; or ... (emphasis added)

The pivotal issue in this case is whether or not the plaintiff was required to file an amended return with the State Tax Department. The court must examine the Virginia statute upon which the Tax Department relies. In relevant part, that statute, Section 58.1–311 Code of Virginia 1950 as amended in pertinent part, provides:

If the amount of any individual, estate, trust or corporate taxpayer's federal income reported on his federal income tax return for any taxable year is changed or corrected by the United States Internal Revenue Service or other competent authority, or as the result of a renegotiation of a contract or subcontract with the United States, the taxpayer *shall report* such change or correction in federal taxable income within ninety days after the final determination of such change, correction, or renegotiation, or as otherwise required by the Department, and shall concede the accuracy of such determination or state wherein it is erroneous ... (emphasis added)

The Tax Department contends that, pursuant to the statute, the plaintiff was required to file an amended return for 1979 and for 1980 but did not. In support of this contention the Tax Department cites two Illinois cases, *In re Haywood,* 62 B.R.

---

**1.** The Federal adjustments added $261,412.94 to plaintiff's income in 1979 and $14,025.00 to his income in 1980. Accordingly, the Commonwealth of Virginia made adjustments in the plaintiff's records which resulted in an additional $24,116.78 in taxes for 1979 and an additional $880.80 for 1980.

482 (Bankr.N.D.Ill.1986) and *In re Cohn*, 96 B.R. 827 (Bankr.N.D.Ill.1988) which held that when a state law requires a return to be filed after an adjustment is made to the federal return, and where the amended return is not filed, any liability resulting from the adjustment or the return is not dischargeable.

The relevant state statute involved in the above cited cases, Section 506(b) of the Illinois Tax Act (Ill.Rev.Stat. Ch. 120, Paragraph 5–506(b)) provides in part:

> In the event the taxable income ... reported in a Federal Income Tax return of any person for any year is altered by amendment of such return or as a result of any other recomputation or redetermination of federal taxable income ... and such alteration reflects a change ... with respect to any item ... entering into the computation of such person's base income for any year under this Act ... such person shall notify the Department of such alteration. Such notification shall be in the form of an *amended return* or such other form as the Department may by regulations prescribe, shall be signed by such person or by his duly authorized representative, and shall be filed no later than 20 days after such alteration has been agreed to, or finally determined for Federal Income Tax purposes ... (emphasis added)

Comparing the Illinois statute with the Virginia statute, it is clear that the Illinois statute requires filing an amended return to constitute effective notification; on the other hand, the Virginia statute has no such proscription. The Virginia statute merely states that the taxpayer "shall report" changes or corrections. The Tax Department contends without case or statutory authority in support thereof, that the term "report" is equivalent to filing an amended return; and the Court, through independent research, finds no case law in support of this proposition or interpretation. Therefore, this case is one of first impression. The Court notes that the Illinois statute provides for appropriate regulation of the taxing department. The Virginia statute is silent on this point and no regulation has been cited which might clarify or enlarge upon the statute.

Exceptions to discharge are to be construed narrowly. *In re Black*, 787 F.2d 503, 505 (10th Cir.1986); *In re Long*, 774 F.2d 875 (8th Cir.1985); 3 *Collier on Bankruptcy* para. 523.05A at 523–17 (15th ed. 1989). In addition, objections to discharge are strictly construed against an objecting creditor and liberally in favor of the debtor. *Gleason v. Thaw*, 236 U.S. 558, 560, 35 S.Ct. 287, 59 L.Ed. 717, 719 (1915); *Roberts v. Ford*, 169 F.2d 151, 152 (4th Cir.1948); *Johnston v. Johnston*, 63 F.2d 24, 26 (4th Cir.1933); *Royal Indemnity Co. v. Cooper*, 26 F.2d 585, 587 (4th Cir.1928); *Lockhart v. Edel*, 23 F.2d 912, 913 (4th Cir.1928). The purpose for this construction is to give debtors "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt." *Perez v. Campbell*, 402 U.S. 637, 648, 91 S.Ct. 1704, 29 L.Ed.2d 233, 241 (1971); *Lines v. Frederick*, 400 U.S. 18, 19, 91 S.Ct. 113, 27 L.Ed.2d 124, 127 (1970); *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); *Johnston v. Johnston*, 63 F.2d at 26; *Royal Indemnity Co. v. Cooper*, 26 F.2d at 587; *Lockhart v. Edel*, 23 F.2d at 913.

There is no question that pursuant to § 523(a)(1)(B)(i), a tax will not be discharged if a tax return is required to be filed and it is not filed. The ultimate question is whether Section 58.1–311 Code of Virginia required the plaintiff herein to file an amended return. Since the resolution of this issue involves the interpretation of Virginia law, the court will examine the Virginia statute and interpret it according to the proper Virginia rules of construction.

It is the function of courts to interpret and apply the acts of the legislature as written, and not rewrite or correct them. *Virginia Ass'n. of Ins. Agents v. Com.*, 187 Va. 574, 47 S.E.2d 401 (1948); *Carter v. Nelms*, 204 Va. 338, 131 S.E.2d 401 (1963), citing M.J.; *General Acc. Fire & Life Assur. Corp. v. Aetna Cas. & Sur. Co.*, 208 Va 467, 158 S.E.2d 750 (1968); *Owens v. Com.*, 211 Va. 633, 179 S.E.2d 477 (1971). Accordingly, courts are not

permitted to add words to a statute or to accomplish the same result by judicial interpretation. *Schmidt v. Goddin*, 224 Va. 474, 297 S.E.2d 701 (1982).[2]

█ The Tax Department contends that "shall report" is equivalent to filing a return or filing an amended return; and therefore, the proper procedure to "report" changes or adjustments of a Federal return to the Commonwealth is that of an amended state tax return. Notwithstanding the fact that this proposition has no statutory or common law support, no court can supply a procedure for carrying out a statutory duty where the procedure is omitted by the statute. *See State ex rel. Raese v. Battle*, 149 W.Va. 761, 143 S.E.2d 328 (1965). It is the duty of courts to interpret what is written and not what might have been written. *Moon Engineering Co. v. American Steamship Valiant Power*, 214 F.Supp. 555 (E.D. Va. 1963.)

█ It may be contended that the language "taxpayer shall report" is too broad in scope since there is no method or procedure contained in the statute or other regulation to specify how this "report" is to be made; this broadness, however, is not to be corrected by the court, as correction lies within the exclusive province of the legislature. *Durham Bros. & Co. v. Woodson*, 155 Va. 93, 154 S.E. 485 (1930). Furthermore, as noted above, exceptions to discharge are to be construed narrowly. *In re Black*, 787 F.2d 503, 505 (10th Cir.1986); *In re Long*, 774 F.2d 875 (8th Cir.1985); 3 *Collier on Bankruptcy* para. 523.05A at 523–17 (15th ed 1989).

█ In view of the statutory language and the above principles of law, this court cannot find that the filing of an amended return was the proscribed or only way the plaintiff could report to the Commonwealth a change in his Federal return.

The Tax Department does not argue that the debt is nondischargeable because of any fraud committed by the plaintiff/taxpayer; but, instead contends that the plaintiff/taxpayer himself should have furnished the information to the Commonwealth regarding his adjusted Federal return.

This court finds that the purpose of section 58.1–311 is to inform the Commonwealth, by taxpayers, of changes so any necessary adjustments may be made in state tax liability and assessments. In addition, the purpose of § 523(a)(1)(B)(i) is to except from discharge taxes to which a debtor willfully attempted to evade or defeat by not filing a return. See Legislative History to this section which uses specific language noting failure to file "required tax returns." The Commonwealth received notice from I.R.S. and was fully aware of the Federal changes and related the additional state tax assessments to the plaintiff in several letters. Indeed, from the available information, the additional assessments of state taxes were made. There is no evidence before the Court indicating that the plaintiff herein willfully attempted to evade or defeat the adjusted state tax.[3] The evidence also indicates that the Tax Department obtained the information from the plaintiff, albeit via the I.R.S. Therefore the plaintiff met requirements of section 58.1–311 Code of Virginia.[4] If the statutory language simply requires a "report" of such changes, this was accomplished by the I.R.S.

The Court notes that the initial communication from the State Tax Department to the debtor dated August 23, 1984, does not request the filing of an amended tax return but, in effect, makes the assessment of taxes from information provided by the I.R.S. and demands payment there of. (See Exhibit 1 of debtor.)

**2.** See also *Porter v. Virginia Elec. & Power Co.*, 183 Va. 108, 31 S.E.2d 337 (1944); *Walton v. Stephens*, 119 F.Supp. 1 (W.D.Va.1954); *Greer v. Dillard*, 213 Va. 477, 193 S.E.2d 668 (1973).

**3.** Evidence indicates that the plaintiff attempted to settle the taxes in question. (See plaintiff's Exhibit 4)

**4.** W. Michael Everhart, a tax collections representative for the Tax Department, testified that he never knew of a case where the I.R.S. did not notify the Tax Department of adjustments made in a Federal return.

Accordingly, an order will be entered pursuant to the within findings and conclusions holding the taxes are dischargeable.