### CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Earl Thomas Barrett, Jr.

v.

Leila H. Kilgore

January 25, 1995

Case No. CH94-440

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this case, the defendant in a wrongful death action contends that the administrator, who brought the action, cannot maintain it because her grant of administration is void.

#### Factual Background

According to the pleadings, Earl T. Barrett accidentally struck his wife, Nona Pauline Barrett, with a motor vehicle on October 7, 1992, causing her death.

About a month later, Mr. Barrett probated his deceased wife's will and qualified as executor in the Clerk's Office of this court.

Several months later, Leila H. Kilgore, a local attorney retained by other relatives of the decedent to institute a wrongful death action against Mr. Barrett, applied for letters of administration. (The papers erroneously identified the decedent as Nona *Patricia* Barrett.) The Clerk granted administration to Ms. Kilgore on April 26, 1994.

On May 21, 1994, Ms. Kilgore instituted a wrongful death action (# CL94-194) against Mr. Barrett. Responsive pleadings were filed, discovery ensued, and the case was set for trial. Then, the defendant's counsel discovered that Mr. Barrett had qualified as executor and that his qualification predated Ms. Kilgore's grant of administration. Upon making that discovery, the defendant filed a motion in the wrongful death action to dismiss the case on the ground that Ms. Kilgore's appointment is void, and therefore, she cannot maintain the action. In addition, the defendant insti-

tuted this separate suit (# CH94-490) to set aside Ms. Kilgore's appointment. Ms. Kilgore filed a cross-bill seeking the removal of Mr. Barrett as personal representative of Mrs. Barrett's estate pursuant to Virginia Code § 26-3.

The parties, by counsel, convened on January 12, 1995. They stipulated the above-recited facts, they argued their positions, and they asked the court to determine these matters.

### Action for Death by Wrongful Act — How Instituted

It is undisputed that an action for wrongful death must be brought by and in the name of the personal representative of the decedent. Virginia Code § 8.01-50(B).

In bringing the action, the personal representative acts not in his or her capacity as general fiduciary of the decedent's estate but in a capacity analogous to that of a trustee or surrogate for the statutory beneficiaries listed in § 8.01-53. *Wilson v. Whittaker*, 207 Va. 1032, 154 S.E.2d 124 (1967); *Horn v. Abernathy*, 231 Va. 228, 343 S.E.2d 318 (1986); Burks, *Common Law and Statutory Pleadings and Practice* (4th ed. 1952) § 67. Damages recovered are not part of the decedent's estate. They are not subject to creditors' claims against the estate or to marital claims of a surviving spouse. The damages recovered can be distributed only in accordance with the terms of the statute. *Porter v. VEPCO*, 183 Va. 108, 31 S.E.2d 337 (1944). This is because the purpose of the wrongful death statutes is to compensate the family of the decedent for their loss, not to increase the decedent's estate or benefit creditors. See Friend, *Personal Injury Law in Virginia* (1990) § 15.2

### Successive Grants of Administration

As noted above, at the time Ms. Kilgore obtained letters of administration for the purpose of initiating the wrongful death action on behalf of certain statutory beneficiaries, Mr. Barrett had qualified as executor under Mrs. Barrett's will.

Under these undisputed circumstances, is Ms. Kilgore's grant of administration void?

Where a decedent already has a personal representative who stands in his place and is vested with all rights, it appears that a subsequent order granting administration to another is void. There must be an office, and that office must be vacant for a valid appointment of a personal represen-

tative. 1 Harrison, *Wills and Administration* (2d ed. 1960) § 219; 8A M.J., *Executors and Administrators*, § 29.

Therefore, Ms. Kilgore's grant of administration is void. It follows that she cannot maintain the wrongful death action.

### Removal of Mr. Barrett

Virginia Code § 26-3 provides as follows:

> The court under whose order or under the order of whose clerk any . . . fiduciary derives his authority . . . on evidence adduced before it by any party in interest, may, at any time . . . revoke and annul the powers of any such fiduciary; but no such order shall be made unless reasonable notice appears to have been given to such fiduciary . . . .

In her cross-bill, Ms. Kilgore asks the court to utilize that statute to remove Mr. Barrett in this proceeding as personal representative.

First, the court notes that Ms. Kilgore has no interest in the decedent's estate, but she does represent members of Mrs. Barrett's family, a child and a dependent parent, who are statutory beneficiaries under the wrongful death statutes. Therefore, the persons for whom she is attempting to act as "trustee" or "surrogate" are interested parties under § 26-3.

Nevertheless, there are two reasons why the relief sought in the cross-bill cannot be granted in this proceeding, at least in its present posture. First, no evidence has been adduced as to why it would be proper to revoke and annul Mr. Barrett's powers as executor. Ms. Kilgore is correct that the statutory beneficiaries cannot, realistically, call upon Mr. Barrett to institute a wrongful death action on their behalf against himself. The law is settled that even though he is a member of the class of statutory beneficiaries (e.g., surviving spouse), he could not share in any recovery because, under the allegations in the motion for judgment, he is the tortfeasor. *City of Danville v. Howard*, 156 Va. 32, 157 S.E. 733 (1931); see generally Friend, *supra*, § 15.2. Second, Mr. Barrett was not served with notice to appear on January 12, 1995. Although his attorney was present, it is obvious that his attorney represents him in defense of the wrongful death claim. Mr. Barrett may have another attorney, or may wish to retain one, to represent him in connection with matters pertaining to his administration of Mrs. Barrett's estate.

Therefore, the court cannot grant the relief sought by Ms. Kilgore in her cross-bill unless and until she amends the cross-bill to set forth those interested persons whom she represents and serves Mr. Barrett with notice for a hearing pursuant to § 26-3. Upon hearing the evidence, the court will

decide whether Mr. Barrett should be removed as personal representative of Mrs. Barrett's estate so that the statutory beneficiaries may nominate Ms. Kilgore to be granted administration for the purpose of pursuing the wrongful death claim.

### Dismissal of the Wrongful Death Claim — Effect

An action for wrongful death must be brought within the period prescribed in Virginia Code § 8.01-244. In other words, an action brought under the wrongful death statute has its own special statute of limitations. The basic period of limitation is two years from the date of death. Subsection B of the statute provides:

> If any such action is brought within such period of two years after [the injured person's] death and *for any cause abates or is dismissed without determining the merits* of such action, the time such action is pending shall not be counted as any part of such period of two years, and another action may be brought within the remaining period of such two years as if such former action had not been instituted. However, if a plaintiff suffers a voluntary nonsuit pursuant to § 8.01-380, the nonsuit shall not be deemed an abatement nor a dismissal . . . and the provisions of subdivision (E)(3) of § 8.01-229 shall apply to such nonsuited action [emphasis added].

In *McDaniel v. Carolina Pulp Co.*, 198 Va. 612, 95 S.E.2d 201 (1956), a foreign administrator commenced a wrongful death action. The case was dismissed because a nonresident personal representative had no authority to bring the action in Virginia. More than two years after the death of the injured person, a resident administrator was appointed and qualified, and a new suit was instituted. The defendant filed a plea of the statute of limitations. The Supreme Court held that the second action was not barred. The Court cited 54 C.J.S., *Limitation of Actions*, § 287, with approval: "A statute extending the time for the institution of a new action on failure of the original action for reasons other than on the merits is highly remedial and should be liberally construed in furtherance of its purpose to afford litigants a hearing on the merits and is not to be frittered away by any narrow construction." The Court held that the saving clause of § 8.01-244(B) is "couched in comprehensive language." The phrase "but if any such action . . . for any cause abates or is dismissed" is "all-embracing." Finally, the Court ruled: "If the statute was tolled by the institution of the

first suit, it is immaterial whether or not the administratrix had the capacity of a personal representative prior to the day she joined in bringing the second action. The material point is whether the second action was brought within [the period of limitation — now two years] if the time during which the first action was pending be excepted therefrom."

See also *Scott v. Nance*, 202 Va. 355, 117 S.E.2d 279 (1960).

### Conclusion

For the reasons explained, Ms. Kilgore's grant of administration is void. Hence, she is not authorized to maintain the wrongful death action. Nevertheless, she would not be precluded from institution of a second suit in proper form if she did so within the period of the saving clause in § 8.01-244(B) and, of course, if she were properly granted administration of Mrs. Barrett's estate.

So that the rights of the real persons in interest, the statutory beneficiaries, are not "frittered away" by the inadvertent successive qualifications of personal representatives, Ms. Kilgore will be granted leave in this suit (# CH94-490) to amend her cross-bill, if she is advised, for the purpose of putting the case in proper posture for a hearing and adjudication of her averment that Mr. Barrett should be removed. The wrongful death action (# CL94-194) will be dismissed without prejudice unless within thirty days from the order memorializing this opinion Ms. Kilgore can show good cause why, in light of the rulings in this opinion, it should not be.