**A.F. MCCAULEY, et al., Plaintiffs,**

v.

**PURDUE PHARMA, L.P., et al., Defendants.**

**No. 2:01CV00080.**

United States District Court, W.D. Virginia, Big Stone Gap Division.

Oct. 1, 2002.

Kimberly C. Haugh, Emmitt F. Yeary, Yeary & Associates, PC, Abingdon, VA, Stephen D. Annand, Shuman, Annand & Poe, Charleston, WV, Sydney Strother Smith, III, Abingdon, VA, Dawn C. Stewart, Neil L. Henrichsen, Lewis S. Wiener, Aaron M. Nisenson, Eric L. Siegal, Henrichsen Siegel, PLLC, Stephan D. Annand, Douglas J. McNamara, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, DC, for Plaintiffs.

William Wayne Eskridge, Wade W. Massie, Penn, Stuart & Eskridge, Abingdon, VA, Mark E. Freye, Penn, Stuart & Eskridge, Bristol, VA, Chilton Davis Varner, King & Spalding, Atlanta, GA, James William Elliot, Jr., Elliot, Steven R. Minor, Lawson & Pomrenke, Bristol, VA, Paul F. Strain, Venable, Baetjer & Howard, Baltimore, MD, M. King Hill, III, Towson, MD, Paul C. Kuhnel, Wooten & Hart, Walter Herbert Peake, III, John Chadwick John-son, Julia Elizabeth Sexton, Frith, Anderson & Peake, P.C., Roanke, VA, for Defendants.

## MEMORANDUM OPINION

SARGENT, United States Magistrate Judge.

These consolidated cases are before the undersigned on the Motion For Ex Parte Contact, (Docket Item No. 150) (the "Motion"), filed on behalf of the defendants.[1] Oral argument was presented by counsel on September 10, 2002. Based on the reasons set forth below, I will deny the Motion.

### I. Procedural History

These consolidated cases involve claims of five plaintiffs against the manufacturers and distributors of OxyContin, a narcotic pain medication. The plaintiffs claim that they suffered injury when they became addicted to OxyContin. By the Motion, the defendants seek the permission of the court to conduct ex parte in formal interviews with each of the plaintiff's treating physicians. To date, the defendants have identified 45 such physicians. The Revised Joint Discovery Plan entered May 20, 2002, (Docket Item No. 124), limits the defendants, as a group, to 25 depositions, excluding expert witness depositions. While plaintiffs have offered, through their counsel, to arrange for defense counsel to speak informally with each of their treating physicians, the plaintiffs will not agree to allow these interviews to be conducted by defense counsel ex parte.

### II. Analysis

Because this court's jurisdiction in these matters is based on diversity of citizenship,

---

1. The Motion was joined by Abbott Laboratories by oral motion raised at the September 10, 2002, hearing.

Virginia law governs all substantive issues. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 72–73, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Because Virginia law governs the substantive issues, Virginia law also governs the issue of privilege of a witness. *See* Fed.R.Evid. 501; *Virmani v. Novant Health, Inc.,* 259 F.3d 284, 286 n. 3 (4th Cir.2001). While the common law of Virginia did not recognize a physician-patient privilege, Virginia has enacted a qualified statutory privilege limited to civil proceedings. *See Pierce v. Caday,* 244 Va. 285, 289, 422 S.E.2d 371, 373 (1992). Virginia Code Annotated § 8.01–399 states, in pertinent part:

> **Communications between physicians and patients.**—A. Except at the request or with the consent of the patient, or as provided in this section, no duly licensed practitioner of any branch of the healing arts shall be required to testify in any civil action, respecting any information that he may have acquired in attending, examining or treating the patient in a professional capacity.
>
> B. If the physical or mental condition of the patient is at issue in a civil action, the diagnosis or treatment plan of the practitioner, as documented in the patient's medical record, during the time of the practitioner's treatment, together with the facts communicated to, or otherwise learned by, such practitioner in connection with such attendance, examination or treatment shall be disclosed but only in discovery pursuant to the Rules of Court or through testimony at the trial of the action. In addition, disclosure may be ordered when a court, in the exercise of sound discretion, deems it necessary to the proper administration of justice.
>
> .    .    .    .    .

> D. Neither a lawyer nor anyone acting on the lawyer's behalf shall obtain, in connection with pending or threatened litigation, information concerning a patient from a practitioner of any branch of the healing arts without the consent of the patient, except through discovery pursuant to the Rules of the Court as herein provided. . . .

VA.CODE ANN. § 8.01–399 (Michie 2000 & Supp.2002). It is also important to note that the Virginia Supreme Court has held that this statute not only sets out a rule of evidence, but it also provides grounds for a cause of action against any practitioner who discloses a patient's medical records in violation of it. *See Fairfax Hospital v. Curtis,* 254 Va. 437, 441, 492 S.E.2d 642, 644 (1997).

The Motion appears to raise an issue of first impression in Virginia.[2] May a court in a civil proceeding in which a plaintiff's physical or mental condition is at issue order a plaintiff's treating physician to submit to an informal ex parte interview with defense counsel when the plaintiff has not requested or consented to such an interview? The defendants argue that the language of the statute explicitly allows a court to order such a disclosure. In support of their argument the defendants rely on subsection B, which states: "In addition, disclosure may be ordered when a court, in the exercise of sound discretion, deems it necessary to the proper administration of justice." VA.CODE ANN. § 8.01–399(B). The plaintiffs, on the other hand, point out that the statute, in two separate subsections, states that any such disclosure may occur only in or through "discovery pursuant to the Rules of the Court." *See* VA.CODE ANN. § 8.01–399(B), (D).

---

**2.** While the defendants have offered a 1996 order of the Circuit Court of the City of Petersburg as support for their position, I note that this order contains no discussion of the issue, nor any legal reasoning.

■ Since the physician-patient privilege in Virginia is a creation of statute, the court's decision on the Motion turns on the construction of this statute. Furthermore, the court should examine the statute using the proper Virginia rules of Construction. *In re Blackwell,* 115 B.R. 86, 88 (Bkrtcy. W.D.Va.1990). If the plain meaning of a statute is unambiguous, however, the court's interpretative task is at an end, and the statute must be applied in according to its plain meaning. *See Hall v. McCoy,* 89 F.Supp.2d 742, 744–45 (W.D.Va.2000); *Johnson v. Garraghty,* 57 F.Supp.2d 321, 325–26 (E.D.Va.1999). When a statute is plain and unambiguous, a court may look no further than the words of the statute itself to determine its meaning. *See Harrison & Bates Inc. v. Featherstone Assocs.,* 253 Va. 364, 368, 484 S.E.2d 883, 885 (1997). Only if the operative statutory language is ambiguous, may the court refer to the statute's legislative history, prior interpretations, related statutes and the underlying public policy considerations to ascertain its purpose. *See Hall,* 89 F.Supp.2d at 745.

■ In this case, I find that the unambiguous language of Virginia Code Annotated § 8.01–399, does not allow the informal ex parte contact with the plaintiffs' treating physicians that is sought by the defendants. The plain language of this statute states that in a case such as this one, where a plaintiff's physical or mental conditions at issue, a physician shall disclose information relating to his examination and treatment of the plaintiff "but only in discovery pursuant to the Rules of Court or through testimony at the trial of the action." VA.CODE ANN. § 8.01–399(B).

Thus, the statute creates a limited waiver of the physician-patient privilege, but only insofar as the information is revealed through discovery or at trial.[3] As if this language was not clear enough, the statute also states that a lawyer may not obtain information from a physician regarding a patient without the patient's consent "except through discovery pursuant to the Rules of the Court." VA.CODE ANN. § 8.01–399(D). While I agree with the defendants that the plain language of the statute allows disclosure in other cases *"when a court . . . deems it necessary to the proper administration of justice,"* VA.CODE ANN. § 8.01–399(B) (emphasis added), I do not agree that this language allows the court to order disclosure by means other than through formal discovery. Instead, I hold that this provision allows a court to order disclosure of privileged information in other cases, i.e. in cases other than those in which "the physical or mental condition of the patient is at issue," not by other means. If the General Assembly had intended to allow the courts to order disclosure by other means, the statute could simply have been worded to state that a court also could allow disclosure "when *and how"* it deems necessary. The statute does not contain such language, however, and this court should not interpret it as if it did no matter how persuasive the policy arguments for doing so. *See Lee–Warren v. Sch. Bd. of Cumberland County,* 241 Va. 442, 446, 403 S.E.2d 691, 693 (1991); *City of Martinsville v. Tultex Corp.,* 238 Va. 59, 63, 381 S.E.2d 6, 8 (1989); *see also Blackwell,* 115 B.R. at 88–89. Furthermore, the Federal Rules of

**3.** Prior to 1993, § 8.01–399 stated that, when the physical or mental condition a patient was at issue in an action, there was no privilege for facts communicated to, or otherwise learned by, a practitioner in connection with examination and treatment of the patient. VA. CODE ANN. § 8.01–399 (Michie 1992). The

General Assembly rewrote § 8.01–399 in 1993 and this complete waiver of privilege was removed and replaced with the current language containing the limited waiver of privilege allowing disclosure through discovery and at trial. VA.CODE ANN. § 8.01–399 (Michie 1992 & Supp.1999).

Civil Procedure do not contemplate that formal discovery of non-parties will take place ex parte. *See* FED.R.CIV.P. 30(b) (deposition upon oral examination), 31(a)(3) (deposition upon written questions), 45(b)(1) (subpoena for production of documents and things or inspection of premises).

This court's interpretation of this statute is consistent with that of at least one Virginia circuit court which as addressed the issue, albeit in dicta. In *Curtis v. Fairfax Hosp.*, 36 Va.Cir. 35 (1995), Judge Thomas A. Fortkort of the Circuit Court of Fairfax County wrote: "There is no Virginia authority for the proposition that formal discovery can be ignored when a party's condition is at issue." 36 Va.Cir. at 38.

### III. Conclusion

Based on the above-stated reasons, I will deny the motion. An appropriate order will be entered.